MARTHA YOUNG, ADM'X OF NOTLEY YOUNG, EX-PARTE.—
*December,* 1849.

In analogy to the practice of allowing executors the counsel fees expended
in the successful defence of a will, an administrator will be allowed like
fees out of the estate, where his right to a controverted administration
is successfully established.

Under our testamentary system, the right to administer cannot be delegated.
The policy of the law, in selecting persons nearest in interest, in prefer-
ence to others more remote, was to bind up the interest of the adminis-
trator with that of persons entitled to the estate.

Appeal from the Orphans court of *Prince George's* county.

The appellant, as administratrix of *Notley Young,* filed her
petition in the said orphans court, stating that *George H. Smith,*
and *Eloise,* his wife, pretending that they were entitled to ad-
minister on the personal estate of said *Young,* filed a petition
in said court, praying that letters of administration might be
granted to them; in consequence of which, and for the benefit
of said estate, your petitioner was compelled to employ counsel,
for the purpose of answering said petition, and resisting such
illegal claim. That this claim was successfully resisted in the
orphans court, and the sum of $295 was paid by petitioner to
her counsel, for their services in said court. That said *Smith*
and wife having appealed to the Court of Appeals, your peti-
tioner paid the further sum of $300, for services of counsel in
the latter court, where the judgment was affirmed. These sums
she prays to be allowed, as credits in her accounts as adminis-
tratrix, out of said personal estate.

This claim the orphans court rejected, and passed a decree
dismissing the petition, from which this appeal was taken.

The cause was argued before DORSEY, C. J., CHAMBERS,
SPENCE, MAGRUDER, MARTIN, and FRICK, J.

By SEMMES, for the appellant, and
By C. C. MAGRUDER, for the estate.

Frick, J., delivered the opinion of this court.

The question presented by this appeal is: whether the appellant can claim to be credited, in her administration account, the amount of counsel fees disbursed by her, in maintaining her right to administer the estate?

It is insisted, by the respondents to the petition of the appellant, that the allowance of such a claim is not warranted by any of the provisions of the testamentary laws of the State; and that being a mere personal right, the estate ought not to be burthened with the costs of any controversy between the parties litigating it.

On the part of the appellant, the allowance is claimed in analogy to the practise of allowing to executors the counsel fees expended in the successful defence of a will. That practise is well established and conceded; and we can see nothing that ought to exclude the case of an administrator from the application of the same principle, where his right to a controverted administration, is successfully established.

The appointment, and the rights of administrators, are regulated by law. There must be some sufficient reason, then, in designating the particular parties, in their order, to whom the administration of the estate is committed. The trust and confidence created by a testator in the selection of his executor, is in the case of an administration, created by law. The custodiary, in his relation to the person and estate of the intestate, is distinctly designated, first, to prevent litigation about the possession, and secondly, "for the security of the estate;" and under our testamentary system, this right cannot even be delegated. The persons nearest in interest are selected in priority to others more remote, and it is obvious that the policy of the law was to bind up the interest of the administrator with that of persons entitled to the estate. 8 *G. & J.*, p. 84, *Hoffman vs. Gold.*

Where this right is contested, what is the party entitled, under the law, to do? His relation to the estate, binds him to defend it. But, in the view of the respondents, he must either engage in the controversy at his own personal cost, or abandon the

right. An obstinate and pertinacious claimant thus presenting himself, may drive every legitimate party from the contest, and defeat the whole policy of the law in its selection of the proper person to administer. The prospect of an expensive litigation, may thus avail upon a spurious pretext, to secure to a stranger the administration of an estate to which he can have no claim.

.After letters have been issued, it is conceded that counsel fees are properly allowed, in prosecuting and defending claims, in the discharge of the duties of the administration. The warrant for this, is found in the act of 1798, ch. 101, sub. ch. 10, sec. 2, which authorises expenditures to be incurred "in the recovery or security of any part of the estate." The principle upon which the rightful party, designated by law, claims the administration, and incurs the expense of securing it, must be presumed to be the same—the recovery and security of the estate from the claim of one who has no legal right to disturb it. There is no force in the objection, that it is a mere personal right, and the party may elect to claim or abandon it. His election is worthless to him, when you take from him the proper means to assert it. Before he can execute the office with which the law clothes him, he must establish his right to exercise it. If this right is controverted, on grounds over which he has no control, and not occasioned by his own default, and he succeeds in maintaining it when litigated, he is entitled to such costs and expenses as the court may find he has *reasonably* incurred; and the decree of the orphans court, dismissing the petition, is, therefore, reversed.

In thus sustaining the petition in this case, this court do not intend to assert the right of the petitioner to the allowances claimed. Of the proper occasion for the employment of counsel, and of the amount proper to be allowed, the court alone are to judge; the ground of this opinion being that the orphans court have the power (which has been denied in argument,) to award reimbursement to a successful claimant of the right of administration.

DECREE REVERSED, AND
CAUSE REMANDED.