EDWARD L. WARD ET AL. *vs.* AMELIA KOENIG ET AL.

*Allowance of Fees to Counsel for Administrators.*

Administrators who employ counsel to render professional services in the settlement of the decedent's estate are entitled to an allowance of reasonable counsel fees for their compensation; and a previous order of the Orphans' Court authorizing the employment of counsel is not necessary to justify such allowance.

The proper amount to be allowed as fees to counsel for services rendered to administrators in this case determined upon the facts.

*Decided June 26th, 1907.*

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before BRISCOE, BOYD, PEARCE, and SCHMUCKER, JJ.

*S. S. Field*, for the appellants.

*Joseph L. Donovan*, for the appellees.

PEARCE, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore County refusing to allow certain counsel fees for alleged professional services rendered by the appellants to the estate of Frederick W. Koenig, deceased.

The appellants filed a petition January 18th, 1907, alleging that they were employed by the administrators of Frederick W. Koenig, deceased, to conduct certain litigation necessary to the settlement of said estate; that in pursuance of said employment they instituted, in the name of said administrators, in the Circuit Court for Baltimore City proceedings for the foreclosure of a mortgage for $2,000 given to said Frederick W. Koenig in his lifetime, by Katharine J. and Gustav J. Kordula on July 31st, 1902, payable in ten years from date in annual installments of $100 or more at the option of the mortgagors, with interest at 5 ½ per cent per annum. That pending these proceedings the mortgagors obtained an injunction restraining the prosecution of these proceedings, which was finally sustained on the ground that there had been no default, but that said proceeding nevertheless resulted in the settlement of the whole mortgage debt in the year 1906, six years in advance of its full maturity, and greatly to the interest of said estate.

That in further pursuance of said employment, one of the petitioners, Edward L. Ward, acting as agent and attorney, sought and procured a purchaser for certain leasehold property on Light street in Baltimore City, which had been offered and withdrawn by said administrators, for want of a bid by them deemed adequate, at an advance of considerable amount over said bid.

That in further pursuance of said employment, said petitioners represented said administrators both in the Orphans' Court in Baltimore County, and on appeal in the Court of Ap-

peals, as to exceptions filed by the purchaser of certain lease-hold property on Cross street in Baltimore City sold by said administrators, which exceptions were sustained by the Orphans' Court and also by the Court of Appeals on appeal from said Orphans' Court, but that said appeal was taken in good faith, and was diligently and vigorously prosecuted by said petitioners.

This petition was accompanied by a certificate of Messss. John Grason and W. George Marley, two members of the Baltimore County bar in good standing, recommending the allowance of $900 as a reasonable and proper fee for said services.

This petition was answered by the widow and certain of the distributees of Frederick W. Koenig, excepting to the allowance of any fee for said alleged services, and alleging:

1st. That no legal services were rendered by the petitioners to said estate.

2nd. That if rendered at all they were gratuitous, and not by direction of the Orphans' Court, or by request of said administrators.

3rd. That the charges were excessive.

4th. That there was no necessity for employment of counsel.

5th. That the petitioners were counsel for certain of the distributees of Frederick W. Koenig, who had filed a caveat against the will of said Frederick W. Koenig, which caveat had been sustained, and who had been allowed in the Orphans' Court a fee of $1,500 out of said estate, for services in the caveat case, but which allowance was refused by the Court of Appeals, on appeal from the Orphans' Court; and that the claim in the present case was only a scheme to obtain in this proceeding the fee disallowed as above stated.

6th. That the petitioners were counsel for said caveators, and not for said administrators; that Messrs. Biddison and Rogers, said administrators, were both practicing attorneys and fully competent to settle the estate without counsel or attorneys; that said Ward furnished the purchaser for the Light street property of his own motion and without employment

by said administrators, and that the sale of the Cross street property was set aside because of the erroneous and unskillful preparation of the advertisement thereof, prepared by said Ward.

Testimony was taken, and upon hearing had, the Orphans' Court passed an order dismissing said petition and refusing to allow any fee, because the Court was of opinion the fee asked for should not come out of the estate of the decedent.

We think it is quite clear that the reason assigned by the Orphans' Court for disallowing the claim does not justify the order, and that if the petitioners have any just and legal claim, it should be allowed out of the estate of Frederick W. Koenig. The rejection by this Court of the fee of $1,500, allowed the petitioners and John S. Biddison as attorneys for Elizabeth Becker, a daughter of Frederick W. Koenig, in prosecuting successfully a caveat filed by her to an alleged will of her father, before probate, bears no analogy to this question and affords no ground for the order appealed from. As was said, in the caveat case, "The purpose and operation of the caveat were not to recover the estate, or to protect it from spoliation, but to determine who should get it, and in what proportions, * * * Under these circumstances the Orphans' Court had no authority to allow the counsel fees to be paid out of the estate." But where counsel are employed by administrators, and render professional services under such employment, the administrators are entitled to be allowed reasonable counsel fees, paid or to be paid. "After letters have been issued, it is conceded that counsel fees are properly allowed in prosecuting and defending claims, in the discharge of the duties of the administration." *Ex parte Yonng*, 8 Gill, 287. And this is so though the services may have proved unsuccessful, where there was reasonable ground for instituting or defending proceedings. *Carson* v. *Phelps*, 40 Md. 101; *Geesey* v. *Geesey*, 96 Md. 633.

Mr. Ward testified that he, together with Mr. Gontrum and Mr. Morris were employed by the administrators to foreclose the Kordula mortgage, and to represent them in the injunc-

tion proceeding growing out of the attempted foreclosure; also to represent the administrators, both in the Orphans' Court, and in this Court in the matter of the exceptions to the Aaron sale, and that after the offer and withdrawal of the Light street property at public sale, he procured a purchaser therefor at an advanced price, who was accepted by the administrators.

Mr. Biddison, one of the administrators, testified that he employed Messrs. Ward, Gontrum and Morris, to represent the administrators as attorneys in the foreclosure proceedings of the Kordula mortgage, and in the exceptions to the Aaron sale in the Orphans' Court and in this Court, and that he requested Mr. Ward, after the Light street property was withdrawn, to look for a purchaser and sell the property so that the estate could be closed, and that he regarded all the services rendered, as of great value from a legal standpoint, and that he considered $900, the fee asked, to be fair and reasonable.

It does not appear that JUDGE ROGERS, Mr. Biddison's co-administrator, ever expressly authorized the employment of these attorneys, or conferred with them or with him, in reference to their employment; he testified that he knew of no services performed by them, which could not have been performed by the administrators, they being attorneys, and that he regarded the fee asked as unreasonable and exorbitant. But it does appear that he was aware they were representing the administrators as stated, and that he did not disclaim their services, nor advise his co-administrator of his disapproval of their employment. Under these circumstances the petitioners must be regarded as duly authorized by the administrators to represent them in the matters mentioned.

It would doubtless have been prudent to procure an order of the Orphans' Court authorizing the employment of counsel, but such previous order is not necessary to justify the allowance of reasonable counsel fees in proper cases. *Geesey* v. *Geesey*, 96 Md. 632 and 633.

The testimony in this case, as in the case last cited, is conflicting and unsatisfactory as to the reasonableness of the fee

asked. If that fee had been already paid and allowed, we should feel warranted under the decision above mentioned, in refusing to disturb an account embracing such allowance but under the circumstances of this case we are required to consider and determine the reasonableness of the charge. As was said in *Geesey* v. *Geesey, supra*, "It is not possible to accurately determine the real value of the services of an attorney by the amount involved, or by what appears of record in the case, as a great deal of the labor of a careful attorney is performed in the preparation of the case outside of the Court House."

We must assume from the evidence, which upon that point is undisputed, that the proceeding to foreclose the Kordula mortgage, notwithstanding the successful injunction, resulted in the payment in full of that mortgage, several years before its full maturity, thus facilitating the settlement of the estate.

The exceptions to the Aaron sale were not so clearly well founded, as to make it unreasonable to resist them in either Court, and both administrators seem to have so thought, and the testimony seems clear that Mr. Ward sought and procured a purchaser for the Light street property under the expectation, if not the actual assurance from Mr. Biddison, of receiving the usual real estate brokers commissions.

It is to be observed that Messrs. Grason and Marley in their certificate do not state they have examined into, or are familiar with, the character and extent of the services rendered, as is generally, or at least frequently stated in such certificates, and that they speak in general and indefinite terms. It should also be observed that the compensation for the services rendered should not be greater because three attorneys were employed instead of one. Mr. Ward in fact appears to have performed the larger part of the work, though the division of the fee is a matter of adjustment between all the attorneys employed.

The commissions for sale of the Light St. property at the established rate of 2½ per cent. would be, on $2,200..................  ..  ...............  $ 55.00

Our conclusion is that for services in connection with

the Kordula mortgage, a fair and reasonable allow-
ance would be............................... $150.00
And for services in the exceptions to the Aaron sale,
in the Orphans' Court and in this Court, the
sum of...................................... 300.00
                                            ————
Aggregating ................................. . $505.00

The order of the Orphans' Court appealed from will there-
fore be reversed that the above allowance may be made in the
settlement of said estate.

*Order reversed and cause remanded,*
*the appellees to pay the costs.*