RICHARD B. DORSEY, Exc'r of WILLIAM H. DOR-
SEY, *vs.* ARABELLA DORSEY, and ROBERT J.
BRENT, *vs.* RICHARD B. DORSEY, Exc'r of
WILLIAM H. DORSEY.

In an amicable suit between an executor and a legatee, instituted for the pur-
pose of determining the true construction of the will, and whether under
it the legatee was entitled to the *whole residue* absolutely or for life only,
the orphans court decided in favor of the legatee, and passed an order di-
recting the executor to pay to such legatee the sum of $3503.49, then in
his hands, and also any balance he may hereafter receive, after deducting
proper charges and expenses. At the time this order was passed, the ex-
ecutor admitted that all the debts and expenses of administration, so far as
they had then accrued, had been fully paid. Upon appeal by the executor,
this order was *affirmed* by the Court of Appeals. HELD,

1st. That this affirmance *definitively* established the right of the legatee to the
$3503.49, and the orphans court could not subsequently apply any part of
this sum to pay *counsel fees* for conducting the case in which the order
was passed.

2nd. That the executor ought to be allowed, out of any assets of the estate
*other than this sum*, reasonable counsel fees for conducting the case in the
*orphans court*, but not in the *Court of Appeals;* the judgment of the orphans
court was necessary, and *sufficient* to protect him in the administration of
the estate, and it was *not his duty to appeal.*

3rd. That no allowance whatever ought to be made to the executor, out of
the estate, to pay counsel fees and costs for suits, proposed to be instituted
to recover certain debts alleged to be due the testator, it appearing that
such suits are unnecessary, and that their institution would be contrary to
the wish, and detrimental to the interest, of the only party interested in the
estate.

APPEAL from the Orphans Court of Baltimore city.

These two appeals were, by agreement, taken up and ar-
gued together. The record, in the *first case*, shows, that the
appellant, Richard B. Dorsey, as executor of William H.
Dorsey, filed his petition in the orphans court, alleging that he
had in hand, as executor, $3503.49, applicable by law to the
costs of administration debts and legacies, subject to an agree-
ment between the counsel of Arabella Dorsey, and of the pe-
titioner, filed in the case of *Dorsey vs. Dorsey*, decided by the
Court of Appeals in 9 *Md. Rep.*, 31, in which Arabella Dor-

sey was petitioner, and the appellant defendant; *that* acting in good faith, and not believing that under the will of William H. Dorsey, the said Arabella was entitled to more than a life estate in the property, and that if he paid over all the net assets in hand, to her, as her absolute estate, he would be responsible to other parties, the executor, with a view to the due administration of the assets, and the proper ascertainment of the rights of said Arabella, employed counsel, who filed his answer resisting her petition; *that* the orphans court decided against him, and ordered the assets, after all proper deductions, to be paid over to said Arabella, from which order he appealed, but it was affirmed by the Court of Appeals; *that* he is now ready to pay over the net assets to said Arabella, but desires the court to allow him to pay to his counsel, Robert J. Brent, Esq., a reasonable fee, for arguing the case between him and the said Arabella, in the orphans court, and in the Court of Appeals; *that* it will be his duty as executor, to institute suits to recover a large sum of money, several thousand dollars, which he believes to be justly due his testator, from the firms of "Duvall, Keighler and Dorsey," and "John H. Duvall & Co.," and that the prosecution of this claim will involve considerable professional labor and trouble on the part of the counsel he may employ, and that it will be necessary to pay such counsel liberally in the premises. He then prays the court to decide, what cash fee should be now paid his counsel, for instituting these suits, and what shall be reserved for a contingent or further compensation, until a recovery shall be had on these claims.

The order of the orphans court in the former case, which was affirmed by the Court of Appeals, and the *admissions* in the answer of the appellant, made in that case, are fully stated in the opinion of this court. The agreement of counsel, in relation to the former case, referred to in the petition, was also filed as an exhibit with it, but need not be stated.

The answer of Arabella Dorsey, the only party who by the former decision, is interested in the residue of the estate, admits the execution of the agreement mentioned in the petition, but denies that the executor had any right to employ

counsel, and incur costs at her expense, to defeat her just claim to said residue, which was established both by the decision of the orphans court and the Court of Appeals. She alleges, that her claim was resisted by the executor, in part for the benefit of his wife; *that* an executor has no right to litigate questions for the benefit of third parties, at the expense of the estate, especially in a case like this, where, by the decision of both courts, it clearly appears, there was no probable ground for resisting her claim, and still less was there any ground for an appeal, after the decision of the orphans court against him; *that* by the true meaning of the agreement referred to, the entire balance of $3503.49, was to be paid over absolutely to her, without any deduction for costs and expenses or any thing else, and that the fund was actually placed in the hands of the counsel mentioned in the agreement, in order that it might be so paid over, on the decision by the court, of the question of ownership; *that* by the decision of the orphans court, the entire sum of $3503.49, without any deduction for costs, or any thing else, was ordered to be paid over to her, and this order was affirmed by the Court of Appeals, which decision is *final.* She denies that it is the duty of the executor, to institute the proposed suits against the firms mentioned in the petition. On the contrary, she avers such suits cannot be for the benefit of any one except the counsel employed; *that* she is entitled to any fund that may be so recovered, and that in fact, at this time, no money is due from these firms to the estate, because at his death the testator was largely indebted to them, and the moneys collected by them since, are not sufficient, on proper application and division among the partners, to pay the amount so due by the testator.

Two letters from W. H. Keighler are filed with the answer, showing the financial condition of these firms to be as stated in the answer.

The orphans court ordered the petition to be dismissed, and from this decision the executor appealed.

In the *second case,* the petition was filed by Robert J. Brent, alleging his employment by the executor, as counsel in the

case of *Dorsey vs. Dorsey*, and that he argued the same both in the orphans court and the Court of Appeals, and charges for his services, $200 in each court, and claims payment out of the assets now in the hands of the executor; *that* the executor has employed him to file one or more bills in chancery, for the settlement of the partnership accounts, of the firms mentioned in the petition of the executor, who has no funds in hand to pay him a fee, except the $3503.49, which he is about to pay over to the said Arabella, and he prays that his fees in the former case, and a reasonable fee for said bills in chancery, may be allowed by the court out of this balance.

The answer of the executor admits the allegations of the petition, and refers to the petition filed by him in the first case, and prays that it may be taken as part of this answer.

The orphans court ordered this petition also to be dismissed, and from this decision the petitioner appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

No counsel appeared for the appellant in either case.

*Geo. Wm. Brown* for the appellee, argued:

1st. That both by the agreement of the parties under which the controversy in relation to the ownership of the residue of the testator's estate upon the true construction of his will, was instituted, and the decision of that case in the court below, and the appellate court, this sum of $3503.49 was directed to be paid over, *absolutely* and *entirely*, to Arabella Dorsey, the widow of the testator. The matter is *res adjudicata*, by the decision of both courts. If there were any deductions of, or charges against, this fund for counsel fees, they should have been set up in that case. It is too late to do so in any subsequent proceeding: *interest reipublicae ut sit finis litium.* Besides, the answer of the executor to the original petition of Arabella Dorsey, admits that all the expenses of the estate had been paid so far as they had accrued, which, of course, embraced the expense of the answer itself, and he claimed that

the *entire balance*, under his construction of the will, belonged to said Arabella *for life only*.

2nd. That the executor had no right to appeal to this court and charge for counsel fees on such appeal. *Act of* 1798, *ch.* 101, *sub-ch.* 8, *sec.* 5. 8 *Gill*, 285, *Ex-parte Young*. *Dorsey's Test. Law*, 93. 4 *Gill*, 55, *Compton vs. Barnes. Hill on Trustees*, 570, 572.

3rd. There is no proof before the court that the fees claimed were reasonable and proper under the circumstances, and, therefore, nothing to show that the orphans court erred in its decision.

4th. The suits proposed to be brought, and for which fees are claimed, are clearly unreasonable, and fees should not be allowed for them. The amount of such fees cannot be ascertained by this court, there being no proof in the record to show what they should be.

5th. Mr. Brent, in the case of *Dorsey vs. Dorsey*, before the orphans court, was, in fact, the counsel of the mother of the testator, as appears from the agreement filed in this case. She was the substantial party in interest, and the proceeding was for her use and benefit, and the name of the executor was used only for the protection of her supposed rights. It was, therefore, incumbent on her to pay the counsel whom she had employed, and his fees cannot be charged against the estate.

BARTOL, J., delivered the opinions of this court in these cases:—1st. Upon the appeal by the executor:

By the order of the orphans court of Baltimore city, passed on the 6th day of October 1855, in a cause wherein Arabella Dorsey, (the appellee in this case,) was petitioner, and Richard B. Dorsey, executor of William H. Dorsey, (the appellant,) was respondent, it was ordered and adjudged, that the said executor pay over to the said Arabella the sum of $3503.49, which he then had in hand; and, also, that he thereafter, "from time to time, pay to said Arabella, as her absolute property, the balances which he may hereafter have in hand belonging to the estate of said William H. Dorsey, after deducting proper charges, expenses, and any debts which may be due by said estate, if any there should be."

On appeal to this court, that order was affirmed at the June term 1856. See. 9 *Md. Rep.*, 31.

That suit was an amicable action, instituted in conformity with the agreement between the counsel of the parties, for the purpose of determining the true construction of the will of William H. Dorsey, and of ascertaining the rights of Arabella Dorsey, one of the devisees, In the answer of the appellant to the petition of said Arabella, filed in the said cause, it is stated, "*that all the debts of said William H. Dorsey have been fully paid, and likewise the expenses of administration so far as they have accrued,*" that certain legacies had been paid, &c., and "*that there remains a balance of $3503.49, and that the said balance constitutes, so far as he knows, the entire residuum of the estate of said William H. Dorsey,*" with the exception of certain unsettled balances alleged to be payable to said estate from the two firms mentioned in the will.

The petition of the appellant in this case, prays the court to allow him to pay out of said balance in his hands certain reasonable fees alleged to be due by him to his counsel, for services rendered in arguing said cause in the orphans court, and in the Court of Appeals; and also certain fees for professional services to be rendered by said counsel in prosecuting suits, which the appellant considers necessary, for the purpose of recovering certain debts alleged to be due from said firms to the testator.

We consider that the prayers of the petition were properly refused by the orphans court.

The decision of this court, already referred to, affirming the order of the 6th of October 1855, was a final adjudication upon the question involved, which definitively established the right of Arabella Dorsey, (the appellee in that case,) to the said sum of $3503.49, the balance then in the hands of the executor, and the orphans court could not rightfully apply any part thereof to the payment of the alleged fees, even if they were established by proper proof to be due, and were adjudged to be payable out of the estate of William H. Dorsey.

In view of all the facts of this case, as presented [by the record, this court is of opinion, that no allowance whatever

ought to be made to the executor, out of any assets which may come to his hands, for the purpose of defraying the costs of suits proposed to be instituted, for the recovery of debts alleged to be due from the firms mentioned; because it is apparent that such suits are unnecessary, and ought not to be instituted; and the more especially because it appears from the answer of Arabella Dorsey, who is the only person interested in the estate, that the institution of such suits would be contrary to her wish, and detrimental to her interest.

We are of opinion, however, that the appellant ought to be allowed out of any assets in his hands, or which may hereafter come into his hands, (other than the sum above mentioned,) for any fees which may be proved to be just and reasonable, paid by him to his counsel, for services rendered in the preparation and argument of the cause aforementioned, *in the orphans court*. The judgment of that court was necessary to protect him in the administration of the estate; and those costs were properly incurred by him. 4 *Gill*, 55. But, beyond such allowance, it would be unreasonable and unjust to charge the estate. The expenses incident to the appeal are not properly chargeable upon the estate.

The judgment of the orphans court was a sufficient protection to the executor; it was not his duty to carry the case farther. If other persons were interested in seeking a reversal of the judgment, an appeal was open to them, or if the appeal was prosecuted for their benefit, the expenses incident thereto ought to be borne by them; it would be inequitable to charge the costs thereby incurred upon the estate of one, against whose wishes and interests the appeal was prosecuted.

*Order affirmed, with costs.*

2nd. Upon the appeal by Brent:

The decision by this court, of the case of *Richard B. Dorsey, Exc'r of W. H. Dorsey, vs. Arabella Dorsey*, at the present term, governs this case; and the opinion of the court therein filed is referred to.

The petition in this case seeks to charge the same fund in the hands of the executor, as is sought to be charged in the

other case. But the right of Arabella Dorsey to the whole of said fund is *res adjudicata.*

We consider, however, that the appellee, (the executor,) should be allowed out of any other funds coming to his hands as executor, to the extent stated in the opinion to which we have referred, for reasonable and proper counsel fees, costs and expenses, incurred by him in the procurement of professional services in the case referred to in the petition, while the same was pending in the orphans court. We affirm, without prejudice and without costs, the order of the orphans court in this case; because to remand for further proceedings, would subject the parties to a useless expense, which may be avoided by the executor's filing his application for such an allowance.

This opinion is not to be understood as prejudicing any claim of the appellant against Dorsey individually, for any professional services rendered him in the Court of Appeals or elsewhere.

*Order affirmed, without prejudice and without costs.*