(Decided Nov'r. 12th, 1863.)

WILLIAM BILLINGSLEA, EXC'R OF HESTER WALTHAM, *vs.* ROBERT HENRY AND WIFE, et al.

EXECUTORS AND ADMINISTRATORS: INTEREST.—An executor who voluntarily pays debts out of his own funds, cannot claim interest on amounts so paid, when he has assets in his hands sufficient to pay them which he has not chosen to convert into money.

But if an executor have not assets, and is compelled to resort to the land in a Court of Chancery to recover for over-payments, he is treated as a creditor, subrogated to the rights of creditors whose claims he may have paid, and is of course entitled to interest.

COSTS AND EXPENSES.—No allowances should be made to an executor for counsel fees paid and costs incurred in carrying on a controversy in the Orphans' Court growing out of his former administration account, and in attempting to maintain claims against the estate, in both of which he was unsuccessful.

APPEAL from the Orphans' Court of Harford County :

This is an appeal from an order passed by the Orphans' Court of Harford County, on the 12th day of April 1862, rejecting certain claims for allowances set up by the appellant in his second account, as executor of Hester Waltham. The appellant insisted that a previous order of said Court, passed on the 5th of February 1862, was also open

Billingslea, Ex'r of Waltham *vs.* Henry & Wife, et al.

for review on the same appeal, but it not appearing from the record that any appeal from said order was taken within thirty days, under the Act of 1818, ch. 204, this Court held that the last of the said orders was not open for review. Such portions only of the arguments of the counsel therefore as apply to the order of April 12th will be noticed. The state of case upon which this order was passed, is set forth in the opinion of this Court.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough and Cochran, J.

*H. W. Archer,* for the appellant:

The Orphans' Court should have allowed the interest claimed by the executor on the balance due him at the passage of his former account. *Watkins vs. Dorsett,* 1 *Bl. Ch. Rep.,* 530. *Williams vs. Sherman,* 7 *Wend.,* 109. *Walden vs. Sherburne,* 15 *Johns. R.,* 409. *Dodge vs. Perkins,* 9 *Pick.,* 368. *Thomas, Adm'r of Bradley vs. Fredk. Co. School,* 9 *G. & J.,* 115. *Sedgwick on Damages,* 393, 398.

An executor who pays a debt of a testator is to be substituted to all the rights of such creditor. See 1 *Bl. Ch. R.,* above cited. *Shriver vs. State,* 9 *G. & J.,* 9.

The executor's claim for money paid for register's, attorney's and witnesses' fees, should have been allowed. These expenses were incurred chiefly in sustaining the former action or judgment of the Court by which the accounts had been passed, and in that view the costs and expenses were proper to be allowed. But if the petition of the appellees be considered as bringing the accounts before the Court for passage *de novo,* there was enough of the matters in dispute allowed to carry the costs. *Dorsey's Exc'r vs. Dorsey,* 10 *Md. Rep.,* 471, 477. *Compton vs. Barnes,* 4 *Gill,* 55. *Bradley's Admr. vs. Fredk. Co. School,* 9 *G. & J.* 120.

*Otho Scott* and *H. D. Farnandis,* for the appellees:

As regards the claims not allowed by the order of the

Orphans' Court of April 12th, 1862, there is no proof in the record to support them, there being in it no account or voucher. An account claimed by an administrator must be proved as other accounts, and must have his affidavit attached. *Lee vs. Lee,* 6 *G. & J.,* 316. *Bowling vs. Lamar* 1 *Gill,* 359. *Edelin vs. Edelin,* 11 *Md. Rep.,* 415. *Scott vs. Fox,* 14 *Md. Rep.,* 388. *Hesson vs. Hesson,* 14 *Md. Rep.,* 8.

The interest claimed is on the balance of an account, part of which was not allowed by the order of the Orphans' Court of the 5th of February, not appealed from. If an executor having the property of the estate in his hands could claim interest, it could only be on an exhibition of an account and vouchers, showing to the Court that it is of a character entitling it to interest; none such appear in the record.

The costs for counsel fees, register's, sheriff's and witnesses's fees, were incurred by the executor in an endeavor to maintain his own unjust claim against the estate, and were properly disallowed. *Dorsey vs. Dorsey,* 10 *Md. Rep.,* 471. An executor is entitled to costs for defending the estate against unjust claims, or where it is necessary to get the sanction of the Court for the payment of doubtful claims. *Dorsey vs. Dorsey,* 10 *Md. Rep.,* 471. But he is not entitled to costs for unnecessary litigation which he causes. In this case the costs are incurred in urging his own claim, which by the Orphans' Court was decided to be unjust and disallowed, and there is no valid ground for costs. The executor here charged $800 for board of testatrix, which on application of the legatees, the Orphans' Court reduced to $400, the costs demanded were incurred in resisting this reduction.

*Compton vs. Barnes,* 4 *Gill,* 55, does not apply here. In that case the Court decided that it was the duty of the executor to defend a caveat to the will, and that for the performance of this duty, he should have counsel, &c.

But the appellees deny that the judgment of 5th February 1862, is to be considered on this appeal, more than

thirty days having elapsed from the date of that judgment to the time of the appeal. Nor could the appellant on the 7th of April, by then offering to pass another account containing the same items already adjudicated and not appealed from, on rejection of the new account appeal from that rejection, and on such appeal claim to review, in fact, the original judgments from which he had not appealed.

He could not after thirty days from the original judgment, ask the Orphans' Court to rescind or modify that judgment, and on the refusal appeal, and review the original judgment not appealed from. If he could, he might extend the time of appeal indefinitely, by simply presenting an account inconsistent with the original judgment, and then appealing from the rejection of such inconsistent account. The Act of 1825, ch. 117, does not apply to appeals from the Orphans' Court. *Cover vs. Cover*, 16 *Md. Rep.*, 1.

BARTOL, J., delivered the opinion of this Court :

Under the Act of 1818, ch. 204, appeals from the order, decision or judgment of an Orphans' Court, must be taken within thirty days. This appeal was taken on the 12th day of April 1862, and was of course too late to bring up for review the judgment of the Orphans' Court rendered on the 5th day of February 1862.

In our opinion that judgment was not invalid for vagueness or uncertainty in its terms.

The appellant had been allowed in an account before passed by him *ex-parte*, the sum of $800, for board of the testatrix in her life time, and also a certain sum for commissions, being at the rate of ten per cent. Objection to these allowances and others, being made by the appellees by petition, the Court proceeded to hear the matter on petition, answer and proof, and thereupon ordered that $400 be deducted from the $800, before allowed for the board of testatrix, and also that ten per cent. on the appraised value of negro Pat, deceased, before allowed as

commission, should be deducted. This is the plain meaning of the judgment of the 5th of February. It settled the controversy and concluded the parties, as to all matters in issue upon the petition and answer, and not being appealed from in time, is not now open for review.

On the 7th day of April 1862, the appellant presented another administration account claiming the following allowances:

1. Interest on balance due him from the estate,　161 74
2. Counsel fees paid for advice and professional services in relation to settlement of estate, including $50 for fees in the matter of Henry and wife's petition,　-　　-　　-　100 00
3. Costs stated by the register as follows:　-
　　Register's fees,　　-　- $14 66
　　Witnesses and sheriff's fees,　- 26 66　41 32

　　　　　　　　　　　　　　　　　　　　$303 06

On the same day the Orphans' Court passed an order rejecting these claims. The propriety of this order is the only question before us on this appeal.

We think the order ought to be affirmed. The allowances claimed are not supported by any proof, no account of them or any voucher is presented in the record. But independent of this objection we think the claims were properly disallowed for other reasons.

The interest claimed is on the balance appearing to be due the executor, by his former administration account, by reason of payments and disbursements made by him, beyond the amount of money in his hands. But the record shows, that he had assets in his hands more than sufficient to cover his disbursements. These assets consisted of negroes. It does not appear that any application had been made for an order to sell that property; nor that it was retained under an order of the Orphans' Court. An executor who voluntarily pays debts out of his own funds, cannot claim interest on amounts so paid, when he has

assets in his hands at the time sufficient to pay them; which he has not chosen to convert into money. If he have not assets, and is compelled to resort to the land in a Court of Chancery to recover for over-payments, he is treated as a creditor, subrogated to the rights of creditors whose claims he may have paid, and is of course entitled to interest.

The other allowances claimed were for counsel fees paid, and costs incurred in carrying on the controversy in the Orphans' Court, growing out of the first administration account. In resisting the petition of the appellees, and an attempt to maintain his claims against the estate, in which he was unsuccessful. Under the decision in the case of *Dorsey vs. Dorsey*, 10 *Md. Rep.*, 471, the expenses of such a litigation ought not to be charged upon the estate.

*Order affirmed with costs.*

(Decided Nov. 12th, 1863.)