JOHN STEWART, surviving trustee *vs.* EDWARD J. CODD, trading as E. J. CODD & Co.

*Question as to the Right of a Trustee to Appeal.*

Where a fund arising from the sale of mortgaged property is brought into Court for distribution among creditors and persons entitled to the same, the trustee, whose commissions have been allowed, has no right to appeal from an order directing the payment of a claim against such fund.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*E. J. D. Cross*, for the appellant.

*William A. Stewart*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellant is a trustee appointed by a decree in chancery, to sell certain mortgaged property of "The Maryland Sugar Refinery Company." The sale was made, reported and ratified, and the fund arising from the sale brought into Court for distribution among the creditors and persons entitled.

Among the property sold were certain articles alleged to constitute fixed machinery in the Refinery, upon which the appellee, a machinist and builder, claimed a preferred lien, under the mechanics' lien law. The Circuit Court decided in favor of the claim, and passed an order directing that the same should be paid out of the funds in the hands of the trustee.

From this order the present appeal has been taken, and a motion has been made to dismiss the appeal, because the trustee has no interest in the subject-matter of the controversy, and has been in no manner aggrieved by the order of the Circuit Court, and therefore has no right to appeal.

We are clearly of opinion that the motion ought to prevail. There is no question or contest with regard to the commissions of the trustee; they have been allowed. The appellant is simply the officer or hand of the Court, whose duty it is to hold the fund, and to pay and disburse it under the Court's order.

In a contest between creditors claiming the fund, he has no interest, and no right to intervene, and where the creditors themselves have acquiesced in the decision, as said in *Salmon vs. Pierson*, 8 *Md.*, 299, the trustee cannot set up any interest to continue the litigation here, after a decision below to which the parties really interested do not appear to have objected.

*Appeal dismissed.*

(Decided 3rd March 1882.)