LIZZIE L. MARTIN ET AL.

*vs.*

SAMUEL H. STAUBS ET AL., ADMINISTRATORS.

*Administration of Decedent's Estate—Counsel Fees—Costs.*

Where the inventory of the personal estate of decedent amounted to about $170, and property sought to be recovered by the administrators as belonging to the estate and wrongfully withheld therefrom was appraised at only $40, it was error to allow the administrators from the estate a counsel fee of $75 for the trial of a replevin suit involving such property.
pp. 270, 271

The administrators were not entitled to an allowance of costs incurred in an appeal by them from the judgment against them in a replevin suit before a justice of the peace, the judgment of the justice being a sufficient protection to them without any appeal.                  pp. 271, 272

The reversal of orders allowing the administrators costs and attorneys' fees growing out of litigation undertaken by them does not prejudice any claim against them individually for attorneys' services or costs incurred.                  p. 273

*Decided January 10th, 1923.*

Appeals from the Orphans' Court of Washington County.

Petitions by Samuel H. Staubs and Howard H. Staubs, administrators of Charlotte A. Staubs, deceased, asking the allowance of a certain counsel fee and of costs incurred in certain litigations. From orders granting these petitions, and also from the allowance of such items in the account of the administrators, and from an order refusing to set aside such previous orders, Lizzie L. Martin, Lottie A. Harris and others, distributees of the estate of said Charlotte A. Staubs, appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Albert J. Long,* for the appellants.

*Ellsworth R. Roulette,* with whom was *Augustine S. Mason* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The two appeals in these cases, Nos. 75 and 98, October Term, 1922, were argued together, and they will be disposed of by us in one opinion.

The parties are the same in each case, and the appeals are from orders of the Orphans' Court of Washington County, passed in the matter of the administration of the estate of Charlotte Ann Staubs, late of Washington County, deceased.

The record in No. 98 includes the matters and proceedings set out in No. 75, so our decision will rest upon the record in No. 98, and will cover the orders on each appeal.

The controlling facts on the appeals are these: Charlotte A. Staubs died intestate in Washington County, on the 18th of May, 1921, leaving surviving her five daughters, four of whom are the appellants in the case, and two sons, the appellees in the case, and also the administrators of her estate. She left personal property of the value of $171, and real estate worth about $2,850.

The questions presented on the first appeal arise upon a petition for an allowance of counsel fee, in a replevin suit, on appeal from a justice of the peace to the Circuit Court of Washington County, for a cow, alleged to be the property of the deceased, but in the possession of one of the daughters at the death of the intestate, and claimed by the daughter to be her property.

On June 6th, 1922, the orphans' court passed an order, allowing the counsel for the administrators a fee of $75 for services rendered in the trial of the replevin suit on appeal

from a justice of the peace to the Circuit Court for Washington County. On June 9th, 1922, the orphans' court passed an additional order, directing that the items of costs, incurred in the cow suit, amounting to the sum of $98.25, be paid out of the estate of the deceased in the hands of the administrators.

On the 13th of June, 1922, the first and final account of Samuel H. Staubs and Howard H. Staubs, administrators of Charlotte Ann Staubs, was presented to the orphans' court and approved. This account was a final settlement of the estate, including the contested items, and showed a balance due the administrators of $93.54, on final settlement of the estate. On July 3rd, 1922, an appeal was taken from each order, and these appeals are contained in the record in both cases.

On July 8th, 1922, the appellants filed a petition asking the court to set aside its previous orders of June 6th and June 9th, allowing counsel fee and the costs in the replevin suit, and to re-open and re-state the administrator's account, without allowing the sums of money stated in these orders.

The matter of the petition was answered by the administrators and, after hearing, the court held that no error was committed in the orders as passed, and refused to grant the prayer of the petition. On the 11th of August, 1922, an order was passed by the court dismissing the petitions of July 8th and July 18th, 1922, and requiring the costs of the proceedings to be paid by the petitioners. The appeal from this order is set out in record No. 98, and is dated the 9th of August, 1922.

We will consider the questions presented by the orders appealed from, in their regular order:

First, was the allowance of seventy-five dollars, as counsel fee in the trial of the case in the Circuit Court of Washington County a proper charge for services rendered the estate, under the facts of this case?

In *Bowie* v. *Ghiselin,* 30 Md. 553, this Court said, that it is the duty of an executor to pay the debts of the deceased

without delay, unless he has good cause to contest them; he enters into such contest at his own peril and becomes personally liable for the costs. By the Code, art. 96, sec. 105, the court of law or equity having jurisdiction over the case is authorized to award costs against such executor, which he is not entitled to have allowed to him in his administration accounts without the certificate of such court that there were probable grounds for defending the action. And to the same effect are the cases of *Dalrymple* v. *Gamble*, 68 Md. 156, and *Beachley* v. *Estate of Bollinger*, 119 Md. 151.

In the present case, the inventory of the personal estate amounted to about $170, and the property sought to be recovered by the administrators was appraised at only $40.

It is clear, then, upon the state of facts disclosed by the record, that the allowance of a counsel fee of $75 in this case was unreasonable and improper, and the order of the orphans' court, directing it to be allowed, must be reversed.

In *Miller* v. *Gehr*, 91 Md. 715, it is said, in speaking of the allowance of counsel fees: "When the Court has the power to make such an allowance the amount must, in a great measure, be left to its discretion, but as the fee must be a reasonable one (taking into consideration the nature of the services performed, the amount involved and any other matters reflecting upon the reasonableness of the charge), if it is alleged to be excessive and unreasonable, the parties in interest, should be given an opportunity to establish their allegations, and if, upon hearing, the Court is convinced that it is an unreasonable fee it should reduce it and upon refusal to do so, an appeal can be taken to" the Court of Appeals. See *Compton* v. *Barnes*, 4 Gill, 43.

Second, were the costs, allowed by the Orphans' Court of Washington County and charged in the administration account, proper charges against this estate?

It appears from the first and final account of the administrators, passed on the 13th of June, 1922, that the following items of costs were allowed, viz: of money paid John D. Hollyday, Register's costs in case No. 253, including $20, ap-

pearance fee to attorneys, $22, and of money paid costs of transporting appraisers to Frederick County, transporting cow, and court costs in matter of replevin of cow, $98.25.

It is provided, by section 104 of article 93 of the Code, that executors and administrators shall have full power to commence and prosecute any personal action whatever at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander; and they shall be liable to be sued in any court of law or equity, in any action (except for slander, and injuries to the person) which might have been maintained against, the deceased; and they shall be entitled to and answerable for costs in the same manner as the deceased would have been, and shall be allowed for the same in their accounts, if the court awarding costs against them shall certify that there were probable grounds for instituting, prosecuting or defending the action on which a judgment or decree shall have been given against them.

We hold, under the authority of *Ferguson* v. *Cappeau,* 6 H. & J. 395; *Miller* v. *Gehr,* 91 Md. 715, and *Beachley* v. *Estate of Bollinger,* 119 Md. 151, and under the facts of the case, that the allowance of costs was improperly made, except the sum of $17, which was the costs of the trial of the replevin case before the justice of the peace. The judgment of the justice of the peace would have been a sufficient protection to the administrators under the facts of this case, and there was no necessity to incur the excessive costs charged against the estate by an appeal.

In *Dorsey* v. *Dorsey,* 10 Md. 477, this Court said: "The judgment of that court was necessary to protect him in the administration of the estate; and those costs were properly incurred by him. But beyond such allowance, it would be unreasonable and unjust to charge the estate. The expenses incident to the appeal are not properly chargeable upon the estate. The judgment of the orphans' court was a sufficient protection to the executor; it was not his duty to carry the case further. If other persons were interested in seeking a reversal of the judgment, an appeal was open to them, or if

the appeal was prosecuted for their benefit, the expenses incident ought to be borne by them; it would be inequitable to charge the costs thereby incurred upon the estate of one, against whose wishes and interests the appeal was prosecuted."

For the reasons stated, each of the orders appealed from will be reversed on both appeals, and the cause remanded, to the end that the first and final account, filed on the 13th of June, 1922, shall be re-opened and re-stated, in accordance with the views expressed in this opinion.

As was held by this Court in *Dorsey* v. *Dorsey,* 10 Md. 478, this opinion must not be understood as prejudicing any claim Messrs. Mason and Roulette may have against Samuel H. Staubs and Howard H. Staubs individually, for any professional services rendered them in the Circuit Court of Washington County or elsewhere, nor to prejudice the claim of any person for costs incurred, and which have been disallowed as against the estate, but shall be chargeable against the administrators individually.

> *Orders reversed on each appeal and case remanded, the appellees as individuals to pay the costs in this Court, and in the court below.*