MURRAY MacNABB *v.* HELEN EDITH SHERIDAN

[No. 24, October Term, 1942.]

*Decided December 7, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Murray MacNabb* for the appellant.

*Joseph J. Rehm* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is by a trustee appointed by decree of the Circuit Court for Harford County to sell real estate, from an order sustaining exceptions taken by the appellee, Helen Edith Sheridan, to an auditor's report which had excluded her from participating in the distribution of the property of the real estate of Emma A. Reasin who died intestate April 4, 1941, leaving a sister and several nieces, one of whom, the appellee, claimed to be by adoption.

It appears that Emma A. Reasin had had a brother, R Coleman Sheridan, who had predeceased her, leaving an adopted daughter, the appellee, who now claims that she is entitled to take the share in the property sold by the appellant which the adoptive parent would take had the appellee been born to him in lawful wedlock. The chancellor held that she was so entitled. The trustee then petitioned the court for permission to take an appeal to this court, and it was so ordered. No party in interest joins in the appeal.

The appellee has moved to dismiss the appeal, because it is not authorized by Sec. 43, Art. 5, Code, 1939, even when authorized by the Circuit Court. The section reads: "Any receiver, trustee, or other fiduciary appointed by, or acting under the jurisdiction of any of the courts of equity in this State, shall have the right of an appeal to the Court of Appeals from any final decree hereafter entered or heretofore entered, provided the time for appeal from such decree has not expired, by which any preference or priority between creditors or other persons interested in the estate, is determined. Provided, however, that no such appeal shall be prose-

cuted without the consent and approval of the court having jurisdiction over the estate."

The trustee had no interest in the estate; he was an officer of the court appointed to bring the property into the market, sell and distribute the proceeds in accordance with the auditor's account, when ratified by the court. As said in *Stewart v. Codd,* 58 Md. 86, "The appellant is simply the officer or hand of the Court, whose duty it is to hold the fund, and to pay and disburse it under the Court's order." To have the right either to except to an auditor's account or to appeal he must have some interest in the fund or have the power under the instrument appointing him. *Jackson v. West,* 22 Md. 71, 83; *Lurman v. Hubner,* 75 Md. 268, 273, 274, 23 A. 646; *Stewart v. Codd, supra; Warehime v. Graf,* 83 Md. 98, 100, 34 A. 364; *Brown v. Deford,* 83 Md. 297, 310, 34 A. 788; *Surratt v. Knight,* 162 Md. 14, 17, 158 A. 1; *Miller's Eq. Proc,* 430 et seq., 641. Otherwise the right of a fiduciary to appeal must be in the manner and under the conditions prescribed by Section 43, Article 5 of the Code.

In *Lindsay v. Stemper,* 166 Md. 257, 170 A. 766, one of the questions there was a question of priority between creditors. The other was that the receivers had appealed without an order of court so authorizing them. Later, but after the time for appeal had elapsed, a *nunc pro tunc* order, authorizing the appeal to be taken, was passed. It was there held that the order under the statute should be passed and the appeal taken within the time prescribed by law for an appeal.

In this case the order permitting the appeal and the appeal were timely, but the contention of the appellee is that the condition upon which an appeal can be taken by the trustee is that there is no question of "any preference or priority between creditors or other persons interested in the estate."

Questions of preference nearly always arise when the estate is insolvent, and one creditor claims more than

his proportion to the disadvantage of others, and usually come up in cases of bankruptcy and insolvency. See long list of cases in 33 *Words and Phrases,* Perm. Ed., pp. 265-298. In a general sense preference is the act of preferring one thing above another; choice of one rather than another; the state of being chosen or preferred before others. *Andrew v. Farmers' & Merchants State Bank,* 215 Iowa 1150, 147 N. W. 787; *Keller v. State,* 102 Ga. 506, 31 S. E. 92; *In re Waln's Estate,* 109 Pa. 479, 488.

The only question before the chancellor was the division of the proceeds of sale amongst the heirs of Emma S. Reasin; and whether the appellee was entitled, as the adopted child of the decedent's brother, to the share which he would have inherited, had he survived his sister. It was held that she stepped into her adoptive father's place, even though he died without any interest, vested of contingent, in his sister's property. No heir or interested party appealed—no one except the trustee, and as such it was no concern of his. As said in *Lurman v. Hubner,* 75 Md. 268, 273, 23 A. 646, 648, "The division of the money in the hands of the trustee, by an order of court, was said by this court, in *State (to Use of Oyster) v. Annan,* 1 Gill & J. (450), 462, to be *res inter alios acta,* so far as the trustee was concerned."

The appeal must, therefore, be dismissed.

There is no need then to say whether, in our opinion, the chancellor was right or wrong. The time for appeal by any interested party has long since passed, and his decision stands in this case.

*Appeal dismissed, with costs to the appellee in this court.*