JOHNSON ET AL. *v.* JOHNSON, Personal Representative
Of The Estate Of Wesley P. Johnson

[No. 308, September Term, 1971.]

*Decided April 10, 1972.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

*Harry Goldman, Jr.,* with whom were *Gerald N. Klau-
ber* and *Samuel Schenker* on the brief, for appellants.

Submitted on brief by *Maurice J. Pressman* for appellee.

SINGLEY, J., delivered the opinion of the Court.

Wesley P. Johnson died domiciled in Baltimore on 2 June 1970, intestate, survived by his widow, Eugenia V. Johnson, whom the Register of Wills of Baltimore City qualified as personal representative of the estate by an order entered in administrative probate; by Charlene Johnson, a daughter by a prior marriage; and by Robert Cash, a natural son. A controversy arose between the children, Charlene and Robert, on the one hand, and the widow, Eugenia, on the other, over the manner in which Wesley's gross estate of $11,159.59 was to be distributed.

While we propose to dispose of the case, as did the court below, on procedural grounds, reference should be made to the principal cause of the children's unhappiness. The children had been recognized, with the widow, as being Wesley's only heirs, each of whom was entitled to one-third of the net estate, by an order of the orphans' court entered on 2 February 1971 after a meeting of interested persons, held at Eugenia's instance under the provisions of Code (1957, 1969 Repl. Vol.) Art. 93, § 7-405. Prior to the meeting of interested persons, Charlene had received an advance of $175.00 on account of her anticipated inheritance. However, as it turned out, Charlene received nothing more from the estate and Robert, nothing at all.

The reason for this was that Eugenia received the family allowance of $1,000.00 provided for by Art. 93, § 3-201; claimed payment of $5,363.82, being one-half of the outstanding mortgage debt on the residence which she owned as a tenant by the entirety with Wesley, as permitted by *Cunningham v. Cunningham*, 158 Md. 372, 148 A. 444 (1930) and 37 Op. Att'y Gen. 418 (1952); was allowed gross commissions of $1,115.96 under Art. 93, § 7-601 (b), which are not subject to appeal because they were within the limits allowed by law, *Riddleberger v.*

*Goeller,* 263 Md. 44, 282 A. 2d 101 (1971), and her counsel was allowed a fee of $350.00, an allowance which was within the discretion of the court, *Lusby v. Nethken,* 262 Md. 584, 278 A. 2d 552 (1971). After these payments, the remaining assets of the estate were $498.55 less than the amount required to pay funeral expenses, debts and miscellaneous expenses of administration, without taking into account the $175.00 paid to Charlene. In short, there was simply no net estate available for distribution.

Charlene and Robert had been notified of the proposed allowance of commissions and the counsel fee, but had not filed a request for hearing within the 20 day period permitted by Art. 93, § 7-502.

Eugenia filed her administration account on 26 February 1971. Thereafter, the children made a timely filing of what they called a "Request for Hearing" in which they questioned the propriety of the payments and allowances which have been discussed, as well as three minor disbursements totalling $109.90. The matter came on for a hearing at which no testimony was taken, but arguments were heard. On 22 March, the orphans' court entered an order overruling the exceptions, and denying relief. No appeal was taken within the 30 day period allowed by Code (1957, 1968 Repl. Vol.) Art. 5, §§ 25-26.

On 5 May 1971, the children filed what they called "Exceptions to First and Final Account" which raised precisely the same questions as those raised in the "Request for Hearing." After another hearing at which no testimony was proffered, the orphans' court dismissed the exceptions, on the ground, *inter alia,* that the 22 March order was res judicata. From this order a timely appeal was taken to the Superior Court of Baltimore City.

There, Eugenia's motion to dismiss the appeal was granted, and Charlene and Robert brought this appeal. The thrust of their argument is that their "Request for Hearing" was filed under Art. 93, § 7-502, which at the time provided: [1]

---

1. § 7-502 was amended by Ch. 786, § 1 of the Laws of 1971, effective 1 July 1971.

"The personal representative shall give written notice to each creditor who has filed a claim under § 8-104 which is still open and to all interested persons of any claim, petition or other request which could result, directly or indirectly, in the payment of a debt, commission, fee, or other compensation to, or for the benefit of, the personal representative or the attorney for the estate. The notice shall set forth in reasonable detail the amount to be requested and the basis therefor. Unless a request for a hearing thereon is filed within 20 days of the sending of the notice, any action taken by the court in connection therewith shall be final and binding on all persons to whom the notice was given unless there was fraud, material mistake or substantial irregularity in the proceeding."

The children next contend that their "Exceptions to the First and Final Account" was filed under Art. 93, § 7-501, which then read:

"The personal representative shall give written notice to all interested persons of the filing with the court of every inventory and account except to the extent otherwise provided by the court for good cause shown."

The capstone of their argument is that under the case law as it stood in May, 1971, exceptions to an administration account need only have been filed within a reasonable time,[2] *Malkus v. Richardson,* 124 Md. 224, 92 A. 474 (1914) ; *Bantz v. Bantz,* 52 Md. 686 (1880) ; 2 Sykes, *Probate Law and Practice* § 871, at 19 (1956) ; Bagby, *Maryland Law of Executors and Administrators* § 153, at 274 (2d ed. 1927).

---

2. Ch. 786, § 1 of the Laws of 1971 amended § 7-501, effective 1 July 1971, to the end that exceptions must now be filed within 30 days of the approval of the account. Until this amendment, Art. 93 made no reference to exceptions. There is, however, a reference in the last paragraph of the Comment relating to § 7-501.

The theory of their case is that although they were unsuccessful in showing the fraud which would have freed them from the 20 day limitation imposed by § 7-502 on a review of the allowance of commissions and the counsel fee, the administration account could be challenged by exceptions filed within a reasonable time. The fact is that the "Request for Hearing" raised issues well beyond the scope of § 7-502, which normally would have been raised by exceptions filed under § 7-501, and the orphans' court considered the matter, quite properly, in our view, as if it were dealing with issues raised under both sections, and overruled the exceptions and denied the relief prayed.

Nothing is more certain than the proposition that an appeal will not lie from a court's refusal to reopen a previous decision which has become final. To hold otherwise would lead to interminable litigation, *Hayman, Adm'r v. Messick,* 252 Md. 384, 392, 249 A. 2d 695 (1969) [citing cases] ; 1 Sykes, *supra* § 246, at 257 ; Bagby, *supra* § 173, at 311. Nor can a final determination reached by a court having jurisdiction be made the subject of collateral attack, *Preissman v. Harmatz,* 264 Md. 715, 288 A. 2d 180 (1972) ; *Jackson v. Jackson,* 260 Md. 138, 142, 271 A. 2d 690 (1970).

As we said at the outset, the crux of the matter is procedural, not substantive. The orphans' court order of 22 March 1971 was entered in a case involving the same parties and dealing with the same issues as were present in the exceptions filed on 5 May. The interposition of the defense of res judicata does not depend upon whether the case could have been more comprehensively or more persuasively presented at a second hearing, *Whittle v. Board of Zoning Appeals,* 211 Md. 36, 49, 125 A. 2d 41 (1956), or for that matter, whether questions might have been presented at the second hearing which were not presented at the first, *Garrett Park v. Montgomery Co.,* 257 Md. 250, 257, 262 A. 2d 568 (1970) ; *A. B. Veirs, Inc. v. Whalen,* 256 Md. 162, 167, 259 A. 2d 516 (1969).

Since the appellants could have appealed from the order of 22 March within 30 days, but did not, the court had no alternative but to dismiss the exceptions filed in May.

*Order affirmed, costs to be paid by appellants.*