ROLFE ET AL. *v.* CLARK ET AL., PERSONAL REPRESENTATIVES OF THE ESTATE OF BERTHA G. ROLFE

[No. 271, September Term, 1972.]

*Decided May 14, 1973.*

---

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*James C. Chapin*, with whom were *Nylen & Gilmore* on the brief, for appellants.

*Rex L. Sturm*, with whom were *Brown & Sturm* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

We shall here be concerned with the notice provisions in Code (1957, 1969 Repl. Vol., 1972 Cum. Supp.) Art. 93, §§ 7-501 and 7-502, the failure of a personal representative to give the notice required by § 7-502 when applying for commissions and whether under the circumstances of this case exceptions to the ratification of the administration account filed some days after that account was ratified by the court may be used to reopen the question of commissions.

Appellees, A. Leland Clark and R. Edwin Brown, are the personal representatives of the estate of Bertha G. Rolfe. Since she died on June 22, 1970, the case reaches us under the provisions of Art. 93 as revised by Chapter 3 of the Acts of 1969.

On February 2, 1972, the personal representatives filed a petition requesting approval of a commission to them of $49,572.77 for the sale of the real estate. That was 10% of the sale price. On the same day an order was passed by the Circuit Court for Montgomery County, Maryland, sitting as the Orphan's Court approving the commission requested. Sec. 7-502 as amended by Chapter 786 of the Acts of 1971 provides in pertinent part:

> "The personal representative shall give written notice . . . to all interested persons of any . . . petition or other request which could result, directly or indirectly, in the payment of a . . . commission, fee,

or other compensation to, or for the benefit of, the personal representative . . . for the estate. The notice shall set forth in reasonable detail the amount requested, the basis therefor, and the action taken by the court thereon. Unless a request for a hearing thereon is filed within 20 days of the sending of the notice, any action taken by the court in connection therewith shall be final and binding on all persons to whom the notice was given unless there was fraud, material mistake or substantial irregularity in the proceeding. . . ."

It is conceded that no notice was given.

On May 30, 1972, the personal representatives gave notice "pursuant to the provisions of Sub-Title 7 of Article 93 of the Annotated Code of Maryland dealing with decedent's estates, that a Second account in [that] estate [would] be filed with the Circuit Court for Montgomery County, Md., sitting as the Orphans' Court within 15 days of the date of [that] notification." On the same day an administration account was filed. It reflected sale of the real estate for $495,727.70 and accounted for a total of $869,682.02. The personal representatives claimed allowance to them in the account of "Real estate commission, per Order of Court" in the amount of $49,572.77.

Appellants are three of the children of Mrs. Rolfe and residuary beneficiaries under her will. On June 28 their present attorney addressed a letter to the Register of Wills for Montgomery County requesting an uncertified copy of, among other things, the second administration account, enclosing a check to cover the costs. It is conceded that shortly thereafter he received copy of that administration account.

On August 30, 1972, the administration account was ratified. The appellants filed exceptions to the account on September 13, 1972, objecting to the allowance for the payment of commissions for the sale of the real estate and requesting a hearing on that petition. Under the constitutional provision relative to Montgomery County by

which circuit court judges "sit as an Orphans' Court for said County," Chief Judge Pugh on September 27 passed an order overruling the exceptions, "finding that no request for hearing on said exceptions was filed within 20 days of the sending of the notice of the filing of the Second Account on the 30th day of May, 1972, and there being no allegation that there is any fraud, material mistake or irregularity in the proceedings . . . ." We shall affirm that order.

The notice required by § 7-501 is a "written notice to all interested persons of the filing with the court of [an] account except to the extent otherwise provided by the court for good cause shown." Exceptions, if any, are required to "be filed with the register within thirty days of the court's approval of the account." It is further provided that no exception "may be filed as to any item which has become final and binding under § 7-502."

Appellants say they are aware that within the limits set out in Art. 93, § 7-601(c) the amount of the approved commission is within the discretion of the lower court and that subject to that limitation no appeal will lie from the court's award, making reference to *Johnson v. Johnson,* 265 Md. 327, 289 A. 2d 318 (1972); *Riddleberger v. Goeller,* 263 Md. 44, 282 A. 2d 101 (1971); and *American etc. Comm. v. Eisenberg,* 194 Md. 193, 70 A. 2d 40 (1949). Their reasoning, however, goes that § 7-502 requires notice of the application for commissions, that no such notice was given, that § 7-501 permits them to except to an administration account within thirty days of its ratification, that they excepted within thirty days to that portion allowing the commissions and that they thus should be entitled to a hearing on the subject of commissions, since "before the lower court can properly exercise its discretion [relative to the commission], they have the absolute right to require the Personal Representatives to fully justify the large commission claimed after proper discovery procedures and reasonable cross-examination in an open hearing before the Court." Under other circumstances, we might agree, but in this case we think they waited too long.

As Chief Judge Prescott put it in *Clark v. Wolman,* 243 Md. 597, 221 A. 2d 687 (1966):

> "The law, in its majesty, is not designed to require futile action or idle gestures. It is well settled that notification *purposed to inform* may be replaced by actual knowledge. 1 *Merrill, Notice*, 480." (Emphasis in original.) *Id.* at 600.

In 1 Merrill, *Notice* § 506 at 480-86 (1952), notice where its function is to promote information is discussed, while in § 509 at 487-494 there is discussion of notification "for some definitive purpose." In the latter situation the author says that "knowledge is not an acceptable equivalent," giving as examples "statutory sales of attached property on the creditor's application; notification of a tax sale; and notification incident to the infliction of a criminal penalty." He further states in § 506:

> "Knowledge, by an employee, of his master's rules is equivalent to formal notice. Similar effect is given to knowledge that action is about to be taken under a contract; of an intention to terminate a lease; of the acceptance of an offer of guaranty, in those jurisdictions where notice is necessary to complete the offeror's liability; of the arrival of freight cars, or of a shipment of freight, or of the refusal thereof by the consignee, or of its nondelivery; of the dissolution of a partnership; of the vendor's intent to resell goods on the vendee's default; of the principal's default, to a surety whose contract stipulates for notification thereof; of the return of property by a dissatisfied vendee; and of a breach of warranty." *Id.* at 482-84.

Art. 93 as it existed prior to the passage of Chapter 3 of the Acts of 1969 contained no notice provisions similar to present §§ 7-501 and 7-502. In the second report of the Governor's Commission to Review and Revise the Testamentary Law of Maryland (1968) the comment is made relative to its proposed § 7-501:

> "Under the current Maryland law and practice it is possible that in many cases neither the heirs nor

the legatees receive any notice whatsoever of the filing of inventories or accounts, and the Commission felt that some form of adequate notice should be given to the persons who might be materially affected." *Id.* at 117.

In the same report the comment is made relative to § 7-502:

"When the Court is to be asked to pay out or distribute estate assets to the personal representative or to the attorney for the estate, or for their respective benefits, whether in payment of a claimed debt, as compensation for services rendered, or otherwise, the personal representative or the attorney becomes momentarily, in effect, an adverse party. Therefore, to this limited degree the Commission felt that not only should notice of such contemplated request be given to all interested persons, but also that there should be a period of 20 days within which any objection thereto could be filed, and a hearing held thereon, before any payment is actually made." *Id.* at 117.

Accordingly, the conclusion is drawn that the notice in this instance is to promote information rather than for a formal purpose. Therefore, knowledge is the equivalent.

In *Shartzer v. Park Association,* 86 Md. 335, 37 A. 786 (1897), Judge Russum said for the Court:

"The parties to the cause may not have personally known the facts, but they were known to their counsel, or must from [the] nature of the case have been known to them, or ought to have been, and the appellant and the residuary legatees under the will of John Hoye, as to such matters, are held as affected by the actual or constructive knowledge of their solicitors entrusted with their interests in the cause; unless they could show that they were victims of fraud practiced on them by their solicitors, which in this case is not supposable.

*Presstman et al. v. Mason et al.,* 68 Md. [78,] 92 [(1887)]." *Id.* at 340.

*See also Williams v. Skyline Dev. Corporation,* 265 Md. 130, 165, 288 A. 2d 333 (1972), and *Thomas v. Hopkins,* 209 Md. 321, 327, 121 A. 2d 192 (1956).

The exceptions to the administration account filed by the defendants on September 13 were filed a good two months after their counsel received copy of the administration account pursuant to his request of June 28 to the register of wills. A casual perusal of that account would show the 10% commissions on sale of real estate and that this was by a prior order of court, enough to make counsel cognizant of the passage of that order. A request for a copy of that petition and order would have shown its basis. Had there been compliance with § 7-502 as to notice of the application for commissions, the General Assembly in its wisdom deemed a period of 20 days as adequate for the parties in interest to react and take exception to those commissions if exception were warranted. We deem the period between the time when counsel for the parties had actual knowledge of the commissions requested and the attempt to take action relative to those commissions too great to permit such exceptions, regarding them as "final and binding under § 7-502." Accordingly, the order must be affirmed.

*Order affirmed; appellants to pay the costs.*