A. LELAND CLARK ET AL., PERSONAL REPRESENTATIVES
OF THE ESTATE OF BERTHA G. ROLFE *v.*
JOHN A. ROLFE ET AL.

[No. 97, September Term, 1976.]

*Decided February 2, 1977.*

· The cause was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Rex L. Sturm* for appellants.

*Hamilton P. Fox, Jr.*, with whom was *Charles E. Hearne, Jr.*, on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

This case presents the question whether there are circumstances which will justify the payment by an estate of the fee of counsel for legatees under a will.

Bertha G. Rolfe died domiciled in Montgomery County, Maryland, on 22 June 1970, survived by six children and leaving a gross estate of about $1,000,000.00. After a number of specific bequests, she directed that her estate be divided into seven equal parts, one of which was to be distributed to each of her six children (who are hereafter referred to collectively as the six residuary legatees) and one of which was to be distributed to her farm manager, A. Leland Clark. The share of Mrs. Rolfe's son Harold was subject, however, to a provision that his share be held in trust for his life by her personal representatives, as trustees.

Mr. Clark and R. Edwin Brown, Mrs. Rolfe's attorney, were named as executors of the will and qualified as personal representatives (the Personal Representatives) in the Circuit Court for Montgomery County, sitting as the Orphans' Court, on 30 June 1970.

The administration of the estate seems to have consumed an inordinate amount of time.[1] The first administration account, accounting for assets of $452,981.45 but making no distribution and allowing no commissions, was filed on 3 March 1971; a second account, accounting for $869,682.02 (including the amount retained in the first account) was filed on 30 May 1972. Specific legacies totaling $94,325.00

---

1. A partial explanation may be found in the continuing litigation between the six residuary legatees and the Personal Representatives, *see* Rolfe v. Clark, 269 Md. 14, 304 A. 2d 231 (1973) and in the fact that the principal asset of the estate consisted of a 227-acre working farm and a herd of some 400 polled Herfords, which had to be disposed of during administration. A dispersal sale of the herd was conducted on 15 October 1970.

were satisfied and $35,000.00 was paid in partial satisfaction of the seven residuary bequests. No commissions were allowed, and $312,137.99 was reserved for future accounting.

It was the third account, filed on 13 February 1973, which set the stage for this litigation. Maximum statutory commissions, 10% on the first $20,000.00 and 4% of the balance of the gross estate, totaling $38,291.76 [2] were allowed the Personal Representatives. Each of the residuary legatees received $6,000.00 on account of their bequests and $178,828.62 was withheld for future accounting.

A fourth account was filed 19 August 1974. This provided for the payment of additional commissions to the Personal Representatives of $3,205.51; a counsel fee of $30,000.00 to the firm Brown and Sturm, of which R. Edwin Brown was a member, as counsel for the Personal Representatives, and a payment of $7,500.00 to each of the residuary legatees. $109,186.05 was withheld for future accounting.

Five of Mrs. Rolfe's children and a grandson, as administrator of the estate of his then deceased mother, represented by the firm of Hearne, Fox & Bailey, filed exceptions to the account. The exceptions were based on the contention that the Personal Representatives' commissions had been overpaid by $6,313.24, by reason of the fact that they had collected commissions of $49,572.77 on the sale of real estate,[3] and then included in their account payments received in reduction of purchase money mortgages on the same real estate, which were then subjected to the payment of commissions a second time.

Additionally, commissions had been allowed on the proceeds of sale of cattle, not owned by the estate, but sold on consignment, and on rent collected from fee simple real property, prohibited by Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 7-601 (b).

The allowance of the counsel fee of $30,000.00 was also challenged on the ground that the petition for the allowance

---

**2.** *See* Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 7-601 (b).

**3.** The maximum of 10% permitted by Code (1957, 1969 Repl. Vol.) Art. 93, § 7-601 (c).

of a fee did not reflect in reasonable detail the services rendered the Personal Representatives as required by Code, Art. 93, § 7-602 (b) and that the amount of the counsel fee must be taken into account, as required by § 7-602 (c) in determining what would be a reasonable charge for administering the estate.[4]

After a hearing on the exceptions before a judge of the Circuit Court for Montgomery County, sitting as the Orphans' Court, that court (Fairbanks, J.) entered an order referring the matter to a special auditor, who reported that commissions had been overallowed by at least $7,791.18. After a second hearing following receipt of the auditor's report, the court concluded that the commissions which had been improperly allowed previously could not be reclaimed by the six residuary legatees because releases had been given. In an order entered 5 August 1975, the court reduced the commissions allowed in the fourth account to $761.70 and allowed an attorney's fee of $3,000.00 to the firm of Brown and Sturm.[5]

After an amended fourth account conforming to this order had been filed, the six residuary legatees filed a petition praying that a counsel fee of $3,000.00 be allowed to Hearne, Fox and Bailey from the assets of the Rolfe estate in the hands of the Personal Representatives. From an order allowing the fee as prayed, the Personal Representatives appealed to the Court of Special Appeals. We granted certiorari before the case was heard by that court.

The thrust of the Personal Representatives' argument is that the applicable Maryland statute contemplates that only counsel for the estate may be allowed a counsel fee from the estate. The six residuary legatees counter with the argument that the exceptions to the fourth account pressed by their

---

4. Had the third account been approved as filed, commissions totaling $91,070.04 would have been paid the Personal Representatives; Mr. Brown's law firm would have received a fee of $30,000.00, and distribution to the residuary legatees would have aggregated $129,500.00.

5. The Personal Representatives entered, and later dismissed, an appeal from this order, after the legatees' appeal had been dismissed by the lower court under Maryland Rule 1013 as not having been timely filed.

counsel resulted in a saving to the estate of approximately $29,800.00 and warrants the payment of a fee by the estate.

Code (1974), Estates and Trusts Article § 7-602 governs the allowance of a counsel fee: [6]

> "(a) *General.* — An attorney is entitled to reasonable compensation for legal services rendered by him *to the estate and/or the personal representative.*
>
> "(b) *Petition.* — Upon the filing of a petition in reasonable detail by the personal representative or the attorney, the court may allow a counsel fee to an attorney employed by the personal representative for legal services. The compensation shall be fair and reasonable in the light of all the circumstances to be considered in fixing the fee of an attorney.
>
> "(c) *Considered with commissions.* — If the court shall allow a counsel fee to one or more attorneys, it shall take into consideration in making its determination, what would be a fair and reasonable total charge for the cost of administering the estate under this article, and it shall not allow aggregate compensation in excess of that figure." (emphasis supplied)

We have consistently held that the power of an orphans' court to allow counsel fees is derived from statute, *Wolfe v. Turner*, 267 Md. 646, 653, 299 A. 2d 106, 109 (1973); *Lusby v. Nethken*, 262 Md. 584, 585, 278 A. 2d 552, 553 (1971). While it is clear that in the usual case the statute contemplates that a counsel fee will be paid by the estate to counsel for the personal representative, 2 P. Sykes, Probate Law and Practice § 881, at 33 (1956), our cases indicate that in a rare instance, an orphans' court may, in its discretion, allow a fee to counsel for an interested party who acts to protect or

---

6. The statute applicable at the time of Mrs. Rolfe's death is found in Code (1957, 1969 Repl. Vol.) Art. 93, § 7-602. It is not substantially different.

enhance the estate and not to advance the interest of his client, *compare* 2 P. Sykes, *supra,* § 887, at 41-43.

In *Riddleberger v. Goeller,* 263 Md. 44, 282 A. 2d 101 (1971), Judge Smith, for the Court, examined the history of Code (1957, 1969 Repl. Vol.) Art. 93, § 7-602 with some care. He pointed out that prior to the substantial revision made by our new Decedents' Estates Law, effective 1 January 1970, the statutory progenitor of § 7-602 was found in Code (1957) Art. 93, § 6 and § 10. Section 6 permitted the charging of "reasonable fees for legal services rendered upon any matter in connection with the administration or distribution of the estate in respect to which the court may believe legal services proper . . . ."

Section 10, which was enacted by Chapter 441 of the Laws of 1937, and amended by Chapter 291 of the Laws of 1959, read as follows:

> "For legal services rendered by an attorney at law to an estate *or to an executor or administrator of an estate,* the orphans' court may on his own petition allow such attorney such sums as it may deem reasonable as an expense in the administration account of the executor . . . during whose encumbancy such services were rendered." (emphasis supplied)

It was the italicized language which was added in 1959, and the fact that the language was carried over into § 7-602 appears to us to be of some significance.

In *Gradman v. Brown,* 183 Md. 634, 39 A. 2d 808 (1944), our predecessors were considering whether a fee could be paid from an estate under Art. 93, § 10, as it read before the 1959 amendment, to counsel for an infant beneficiary who had filed exceptions to an administration account.

In reversing the order allowing a counsel fee because the services rendered were not for the purpose of recovery or security of the assets of the estate, the Court noted at 640-41 of 183 Md.:

> "When this Act [Chapter 441 of the Laws of 1937]

was passed by the Legislature it knew that personal representatives would be allowed counsel fee[s] for services rendered in the recovery or protection of the assets of an estate. . . . The word estate means, in the testamentary law, such property that passes, upon death, to the personal representative of the decedent. . . ."

"It is clear under the facts of the case that appellees did not render services to the estate. What they did neither added to nor protected the estate. They represented Philip Gradman, in his fiduciary capacity, in the matter of the distribution of the estate of Isadore J. Gradman. And as their services were not rendered to the estate, the Orphans' Court was without power to allow them a fee."

We have no hesitancy in concluding that under the same statutory provision, in the rare case where the assets of an estate are increased in value or protected from dissipation as the result of an action brought by someone other than the personal representative for the benefit of the estate as a whole, the orphans' court, in the exercise of its discretion, may allow the payment of a counsel fee from the assets of the estate. To reach any other conclusion would be to seriously hamper a successful attempt to bring a recalcitrant personal representative to account or to remove one for breach of his fiduciary duty.

We are satisfied that the orphans' court did not abuse its discretion when it ordered the payment by the estate of a fee of $3,000.00 to a law firm whose efforts prevented an improper diversion of nearly $30,000.00 in estate assets. Because the Personal Representatives had no interest in the order allowing the fee, *MacNabb v. Sheridan,* 181 Md. 245, 247, 29 A. 2d 271, 272 (1942); *Surratt v. Knight,* 162 Md. 14, 158 A. 1 (1932), and were fully protected by it, *Jackson v. Jackson,* 260 Md. 138, 141-42, 271 A. 2d 690, 692 (1970); *Gradman v. Gradman,* 182 Md. 293, 301, 34 A. 2d 433, 437, 36 A. 2d 532 (1943); *Martin v. Staubs,* 142 Md. 268, 272-73, 120

A. 836, 838 (1923); *Dorsey v. Dorsey,* 10 Md. 471, 477 (1857), while costs in the orphans' court may properly be paid from funds of the estate, the costs of this appeal, including the fee of their counsel, must be paid by the Personal Representatives in their individual capacity. *See also Webster v. Larmore,* 270 Md. 351, 354, 311 A.' 2d 405, 406-07 (1973); *Hayman v. Messick,* 252 Md. 384, 249 A. 2d 695 (1969); *Billingslea v. Henry,* 20 Md. 282, 287 (1863); Rule 882 a.

> *Order affirmed, costs of this appeal to be paid by the appellants in their individual capacity.*