JOSEPH S. KNAPP et al. *v.* MARY M. KNAPP et al.,
Executors of John Knapp, Deceased.

*Executors—Allowance of Counsel Fees—When Proper—
Amount of Fee.*

Executors under a will *held* entitled to a reasonable and proper
allowance for counsel fees in defending a caveat filed to the
will.        p. 129

Executors had authority to employ counsel in defending excep-
tions to the ratification of a sale of leasehold property made by
them under authority of the orphans' court, and were entitled
to an allowance for reasonable fees for such counsel.      p. 129

Executors *held* entitled to employ counsel to defend excep-
tions to their account as regards an item of rents collected.
       p. 129

As a general rule, parties entrusted with the administration
of an estate may employ counsel to defend any action brought
against them, the decision of which might adversely affect the
estate, or may employ counsel to institute proceedings for the
benefit of the estate, provided there is reasonable ground for
instituting or defending the proceedings; but each case must, in
large degree, depend upon its peculiar circumstances.    p. 130

Executors were entitled to reasonable counsel fees for defend-
ing their statement of account with reference to an item of the
statutory allowance of seventy-five dollars to one whom they
had reasonable ground to believe to be the widow of deceased,
a belief which was subsequently confirmed by the Court of
Appeals.        p. 131

The principal elements to be considered in determining the
reasonableness of counsel fees are the amount involved, the
character and extent of the services, the time employed, the im-
portance of the question, and the fidelity and diligence of
counsel.        p. 131

The sum of twelve hundred dollars, rather than two thousand dollars, allowed by the orphans' court, *held* a suitable allowance for fees of counsel employed to defend a caveat to a will, to defend exceptions, in the orphans' court and on appeal, to the ratification of a sale of leasehold property, and to the ratification of an administration account, the total amount of the estate being less than fourteen thousand dollars, and the same counsel having received three hundred dollars as compensation in previous litigation between the same parties, which partially involved the same work.　　　　　　　　pp. 131, 132

*Decided June 11th, 1926.*

Appeal from the Orphans' Court of Baltimore City.

Exceptions by Joseph S. Knapp and Flora M. Miller to an administration account filed by Mary M. Knapp and Daniel W. Schilling, executors of John Knapp, deceased. From an order overruling the exceptions and ratifying the account the exceptants appeal. Reversed.

The cause was argued before BOND, C. J., URNER, DIGGES, PARKE, and WALSH, JJ.

*Walter C. Mylander,* with whom were *Joseph S. Knapp, Jr.,* and *Charles M. Armstrong,* on the brief, for the appellants.

*Bernard J. Flynn,* with whom were *Duncan, Schwatka & Flynn* on the brief, for the appellees.

DIGGES, J., delivered the opinion of the Court.

The question involved in this appeal is the legality and, if legal, the reasonableness, of counsel fees in the amount of $2,000, allowed by the Orphans' Court of Baltimore City in the second administration account of the appellees, as executors of the estate of John Knapp, deceased, to the firm of Duncan, Schwatka & Flynn as alleged counsel for the

administrators. The question is raised by exceptions filed by the appellants to the said account. The orphans' court overruled the exceptions and ratified the account containing this item for counsel fees, and from that action the appellants have prosecuted the appeal to this court.

The services of the attorneys for which this fee was allowed consisted of: First, defending the caveat proceedings to the will of John Knapp in the Orphans' Court and in the Court of Common Pleas of Baltimore City, which proceedings resulted in a verdict upsetting the will; second, defending exceptions to the ratification of the sale of leasehold property made by the executors under the authority of and in the Orphans' Court of Baltimore City, and in that case defending in this Court an appeal taken by the appellants here; and, third, defending in the Orphans' Court, and on appeal to this Court, exceptions filed by the appellants here to the ratification of the first administration account of the appellees; the two former appeals to this Court being Nos. 26 and 36 at the October Term, 1925. Each of these appeals resulted in an affirmance by this Court of the action of the orphans' court, and sustained the contentions of the executors (149 Md. 217, 263). It may be here noted that the decision of this Court in No. 36 October Term shows that, in addition to the litigation above recited, the appellants here filed a bill in the Circuit Court No. 2 of Baltimore City praying for discovery, an injunction, and the appointment of a receiver in that court to take charge of the assets and settle the estate of the deceased; that this litigation resulted favorably to the appellees here; that the firm of Duncan, Schwatka & Flynn were attorneys for the executors and administrators, and that they received compensation in the amount of three hundred dollars for that service. It should also be noted that the principal question involved in the appeal in No. 36, October Term, was whether or not Mary M. Knapp was the widow of John Knapp, deceased, and as such entitled to an allowance of seventy-five dollars (there being no minor children), and to one-third of the estate of

said decedent. The allowance of the counsel fee of two thousand dollars was made upon the petition of the executors for a reasonable counsel fee, and the certificate of two active members of the Baltimore bar that the sum of two thousand dollars would be fair and reasonable compensation for the legal services rendered. A hearing was had before the orphans' court, at which the exceptants, appellants here, produced as witnesses in their behalf three members of the bar of Baltimore City in active practice, who, after reading the petition for counsel fees, and hearing the testimony of Mr. Flynn, a member of the firm of Duncan, Schwatka & Flynn, as to the quality and extent of the service rendered, testified that in their opinion the sum of twelve hundred dollars would be reasonable and adequate compensation for such service. The record discloses that the original inventory of the estate amounted to fourteen thousand four hundred and nine dollars, and the net amount distributable to a sum between thirteen thousand and fourteen thousand dollars.

There can be no doubt in this case that the executors are entitled to a reasonable and proper allowance for counsel fees in defending the caveat filed by these appellants to the will of John Knapp. Neither can there be doubt that the executors had authority to employ counsel in defending exceptions to the ratification of the sale of the leasehold property, and are entitled to an allowance for reasonable fees for such counsel. This brings us to the third service of counsel rendered as above stated, to wit, in defending exceptions filed by the appellants to the first administration account, in the orphans' court and in this Court, wherein the allowance of seventy-five dollars was made to the widow. The exceptions in that case were based upon three objections: First, to the allowance to the executors of three hundred dollars to pay for legal services of counsel in defending the equity suit in the Circuit Court No. 2; second, to the statement in the account of the amount of rents collected; and, third, to the allowance of seventy-five dollars to the widow. It is clear that the executors were en-

titled to employ counsel in the first two of these cases, but it is contended by the appellants that seventy-five per cent. of the time occupied in these exceptions was on the allowance of the seventy-five dollars to the widow, a determination of which depended on whether or not the appellee, Mary M. Knapp, was legally married to the deceased. It is urged that the contest over this question was not between the appellants and the estate of the deceased, but between the appellants and the widow, and that the estate could not be affected, regardless of the result of such contest. The rule in such cases may be stated generally to be that parties entrusted with the administration of an estate may employ counsel to defend any action brought against them, the decision of which might adversely affect the estate, or may employ counsel to institute proceedings for the benefit of the estate, provided there was reasonable ground for instituting or defending the proceedings. *Bagby's Law of Executors and Administrators,* sec. 104; *Ward v. Koenig,* 106 Md. 436.

From the above we are not to be understood as formulating or enunciating any unvarying and hard and fast rule on this subject, as by the very nature of such cases each case must, in large degree, depend upon its peculiar circumstances. As was said by this court, speaking through Judge Urner, in the case of *Clayton v. Stein,* 135 Md. 684: "In disposing of the question before us in this case we see no reason to formulate a rule of unvarying application. Whether and to what extent an estate should be charged with counsel fees for services rendered in litigation of this general character must depend upon the circumstances of the particular case. The necessity for such proceeding, the difficulty of the issue, the amount involved, the legal capacity of the parties to employ counsel for themselves, and various other factors, will affect the disposition of claims like the one to which our attention is now directed. It would not be right to lay down a rigid rule that in no case should such a fee be allowed; nor, on the other hand, would it be just to hold that a fee for defendants' counsel should be charged against the estate in every instance."

In the present case the executors had stated an account in which an allowance of seventy-five dollars was made to the widow, there being no minor children. The executors in doing this were following the plain language of the statute. In making this allowance to Mary M. Knapp, they had reasonable ground to believe that she was the widow of the deceased; this belief being subsequently confirmed by a decision of this Court. They were fully cognizant of the fact that these parties had been united in marriage by the performance of a religious ceremony, after having obtained the usual license to marry; that after such ceremony they had lived together as husband and wife and were treated as such by their friends and others in the community in which they lived; and they had no reason to suppose that the legal status of Mary M. Knapp, as widow, would be disputed on the ground that the person who performed the marriage ceremony was not a legally ordained minister of the religious denomination to which he belonged. The executors acted in accordance with the law in allowing this item to the widow, and there was every outward appearance that Mary M. Knapp was the widow of the deceased. Clearly, then, the executors had reasonable ground for stating their administration account as they did; and when the legality of this administration account, with special reference to this item of allowance to the widow, was attacked by the appellants, and the executors were made defendants in such attack, we are of the opinion that they were entitled to employ counsel to defend their action, and to the allowance of a reasonable sum to be paid the attorneys for such services. We are therefore of the opinion that an allowance of counsel fees under such circumstances by the Orphans' Court was legal and proper.

The second question to be answered is whether the sum of two thousand dollars is a reasonable allowance to counsel for such services as are shown to have been rendered in this case.

The principal elements to be considered in determining the reasonableness of counsel fees are, the amount involved, the character and extent of the services, the time employed, the importance of the question, and the fidelity and diligence

of counsel. It is apparent that no one of these elements is controlling, but consideration must be given to all in arriving at a fair and just conclusion. Compensation for the same quality and extent of service must necessarily be very different in an estate of the size now before us, and one involving a much larger amount. The amount of the estate, as seen, is between thirteen thousand and fourteen thousand dollars, and as has already been pointed out, counsel here have received compensation to the extent of three hundred dollars in litigation between the same parties, and necessarily, to some extent, a duplication of the work done in this case. On this question evidence of the customary compensation for similar services is admissible, and in this case we have the testimony of five members of the Baltimore bar, in active practice and of high standing, two being of the opinion that two thousand dollars, and the other three being of the opinion that twelve hundred dollars, would be proper. Under all of the circumstances, taking into account the testimony just referred to, we are of the opinion that the sum of twelve hundred dollars represents just, fair, and adequate compensation for the services here shown to have been rendered in respect to an estate of the value of fourteen thousand dollars, this amount to include services rendered in this case. It follows that the order of the orphans' court overruling the exceptions to the second administration account was erroneous, and the same must be reversed.

> *Order reversed, and case remanded, that an order may be passed in conformity with the views herein expressed, costs to be paid out of the estate.*