DESSEL *v.* GOLDMAN, Jr.

[No. 274, September Term, 1962.]

*Decided April 4, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Delverne A. Dressel* and *Paul M. Higinbothom* for appellant.

*Frank C. Serio,* with whom were *McWilliams & Melvin* on the brief for appellee.

HAMMOND, J., delivered the opinion of the Court.

At issue here is whether the Orphans' Court of Anne Arundel County abused its discretion in allowing the appellee, a lawyer with an office in Baltimore, a counsel fee of $1,100 payable from the estate of a decedent.

Gertrude Dessel Kratsch died at a nursing home in Baltimore on September 17, 1960. She had long lived in Bar Harbor, Anne Arundel County, and on July 20, 1960, less than two months before she died, the appellee had prepared her will in which she recited that she was a resident of that County and by which she devised her home in Bar Harbor to a nephew. Under her will the nephew and a niece were named executors, and they, on appellee's advice, probated the will in the Orphans' Court of Baltimore City. Soon thereafter, a brother of the decedent (the father of the executrix) petitioned the Orphans' Court of Baltimore City to revoke the probate on the ground that Mrs. Kratsch had been a resident of Anne Arundel County. The appellee filed an answer, and the court held a hearing which lasted an hour or two. On January 10, 1961, the court determined that Mrs. Kratsch had been a resident of Anne Arundel County and revoked the probate of her will. No appeal was taken. The brother filed notice of intention to caveat the will in the Orphans' Court of Anne Arundel County, which, on March 31, 1961, granted letters of administration pendente lite to the nephew and niece. The niece retained other counsel, and the appellee continued to represent the nephew.

The caveat was dismissed with prejudice. The appellee concedes that since the notice of intention to caveat was filed before probate of the will in the proper forum, he is not entitled to payment from the estate for his legal services in sustaining the will.

The estate had a value of $130,000—two ground rents appraised at a total of $3,000, a house, which was returned in the Federal estate tax return at $7,150 "based on insured value of house and assessed value of land," Series E Savings bonds worth $38,506.40, and savings accounts aggregating some $80,000.

The appellee did not file the preliminary notice with the Internal Revenue Service within sixty days of death, as the law required, and did not file the estate tax return within fifteen months. He took no action in regard to the Federal estate tax until February 15, 1962 (some seventeen months after the date of death) when, prodded by counsel for the niece-administratrix pendente lite, he deposited $8,500 with the Internal Revenue Service to stop the running of interest (appellee personally has assumed the payment of interest assessed by the government for the late filing). The return was filed in June 1962.

Appellee also prepared and caused to be filed a fiduciary United States income tax return and the decedent's last United States and Maryland income tax returns. All were filed late.

The Orphans' Court of Anne Arundel County allowed appellee a fee of $1,500 on his ex parte petition signed by only one of the administrators pendente lite. The brother filed a petition to rescind the ex parte order and excepted to the allowance of a fee. The Orphans' Court took testimony, heard argument and, on October 11, 1962, allowed a counsel fee of $1,100 and ordered the costs of a transcript of the record to be paid from the estate.

The appeal is from the order of October 11, 1962. However, the question of the propriety of the allowance of costs was not presented as a question or argued in appellant's brief, and

we do not consider it to be before us for review. Maryland Rule 831 c 2, 4. *Mullan v. Mullan,* 222 Md. 503, 506; *Nutter v. Non-Profit Housing,* 230 Md. 6, 17.

The appellee defends the fee allowed by his estimate that he spent thirty hours on the question of the decedent's domicile, twenty to twenty-five hours on the income tax return and fifty-five hours on the estate tax return. He testified that "I think the filing of the tax returns in an estate of this size justifies the fee." There was testimony by a certified public accountant, who is also a practicing lawyer, that the going rate of compensation and a fair and reasonable fee would be $100 for the preparation of the estate tax return, $35 for the income tax returns, and $25 for the fiduciary return. His estimate of the time required to prepare all four returns was four hours and a quarter. His testimony was supported by the opinion of the lawyer for the niece.

The applicable principles and standards are plain and simple. The Orphans' Court may allow a reasonable fee payable from the estate for legal services rendered in any matter connected with the administration or distribution of the estate. In deciding the proper fee the court must exercise sound judgment and discretion, basing its determination upon the evidence offered for its instruction and guidance and a consideration of the tests held generally applicable in fixing the size of a fee; and from a breach of discretion on its part, an appeal will lie to this Court. *American Jewish Joint Distribution Committee v. Eisenberg,* 194 Md. 193.

The Eisenberg case adopted as standards for judging a proper fee those suggested in Canon 12 of the Canons of Professional Ethics of the American Bar Association which were adopted by the Maryland State Bar Association and the Bar Association of Baltimore City. Of these several are particularly applicable and pertinent here: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill requisite properly to conduct the cause; (2) the customary charges of the Bar for similar services; and (3) the amount involved in the controversy and the benefits resulting to the client from the services.

432

The appellee testified to what seems obvious, that he had not performed any "extraordinary service or service involving the use of special, unusual talent, certainly," and that his legal services were those routinely rendered to executors and administrators. There would seem to have been no substantial reason or justification for probating the will in Baltimore and no benefit to the client in attempting to sustain the probate. If there was any, the legal services called for were only to present the facts. The hearing in court was short.

The composition of the estate was such that preparation of the estate tax return and the income tax returns was simple and uncomplicated, and a lawyer having "the skill requisite properly to conduct the cause" could have prepared them in a small fraction of the time the appellee estimates he took.

In our opinion, application of the standards this Court said in the *Eisenberg* case should govern, when applied to the facts, compel a conclusion that the Orphans' Court of Anne Arundel County abused its discretion in allowing the appellee a fee of $1,100, and that an allowance of $600 would have been entirely adequate.

*Order allowing a fee of $1,100 reversed and case remanded for passage of an order allowing a fee of $600; costs of this appeal to be shared equally.*