727 A.2d 431

**Doreen Angela BARNES**

v.

**ROSENTHAL TOYOTA, INC.**

**No. 894, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

April 9, 1999.

**100**

Kenneth E. McPherson, Riverdale, for appellant.

Jeanny K. Lee (Brad D. Weiss and Charapp, Deese & Weiss, LLP, on the brief), Washington, DC, for appellee.

Argued before WENNER, SONNER and KENNEY, JJ.

SONNER, Judge.

This case represents an appeal from a decision of the Circuit Court for Prince George's County, imposing sanctions on appellant, pursuant to Md. Rule 1–341.

Appellant, Doreen Angela Barnes, received a series of advertisements from appellee, Rosenthal Toyota, Inc., indicating that she had been pre-approved for up to $18,000.00 of credit at appellee's car dealership in Landover, Maryland. In response to the advertisements, appellant contacted appellee and scheduled an appointment with Cheryl Robinson, a salesperson. On May 21, 1994, appellant met with Robinson and informed her that she could not afford to pay in excess of $300.00 per month for a new car. After checking with her manager, Robinson stated that she could secure financing at a rate of 10%, thereby assuring a monthly payment of less than

$300.00 per month. Robinson also stated that appellee would purchase appellant's car for $700.00 and pay off the remaining balance on it. After surveying appellee's lot, appellant agreed to purchase a Toyota Corolla for its sticker price of $14,458.00, provided that appellee complied with the aforementioned representations. Appellee agreed to the terms and presented various documents for appellant to sign. Appellant signed the documents without reading them. One of the documents indicated that the car had been previously used in some fashion, and another stated that the odometer had 49 miles on it. Appellee cut two new keys for appellant and delivered the car to her that same day.

On June 9, 1994, appellee asked appellant to stop by the dealership in order to pick up her permanent license tags. Upon arriving at the dealership, several of appellee's sales managers informed appellant that they would not honor the original contract, and that she could not leave the premises until she signed a second contract. Appellant's car was blocked in and, for roughly three hours, appellee's employees allegedly screamed at appellant and intimidated her. Appellant testified that, because she felt threatened, she succumbed to appellee's tactics and signed a second set of documents, which effectively doubled the finance rate and resulted in monthly payments of $412.37.

On June 21, 1995, appellant filed suit in the Circuit Court for Prince George's County, alleging: I- fraud, II- conspiracy to commit fraud, III- negligent misrepresentations, IV- breach of fiduciary duty, V- breach of contract, VI- violation of Maryland Consumer Protection Act ("CPA") based on unfair and deceptive advertising and sales tactics, VII- violation of Maryland CPA for the sale of a used car as a new car, VIII- breach of express warranty, IX- negligence, X- intentional infliction of emotional distress, and XI- false imprisonment. As a result of various pre-trial motions, the court dismissed Counts II, IV, V, and XI. At the close of appellant's case-in-chief, appellee moved for judgment on the remaining counts, and appellant conceded judgment on Counts VII, VIII, and X. The court denied judgment for appellee on Count VI, and

reserved ruling on Counts I, III, and IX. On October 7, 1997, the jury returned a special verdict in favor of appellant on Count VI and in favor of appellee with respect to Count I. The jury found that appellee's CPA violations had caused appellant $10,250.00 in damages. Regarding Count III, the jury found that appellee had made negligent misrepresentations, but that appellant was contributorily negligent. On October 29, 1997, appellant filed a Motion for Award of Attorney's Fees based on the successful CPA claim and, in its opposition to that motion, appellee asserted that appellant had pursued several claims without substantial justification under Md. Rule 1-341. The court, on February 27, 1998, awarded appellant $39,200.00 in attorney's fees, but also found that appellant had pursued Counts II, VII, X, and XI in violation of Rule 1-341. The court made the following remarks with respect to the sanctions issue:

> I have to consider the defendant's claims for 1-341 fees in four areas; intentional infliction, false imprisonment, new versus used and conspiracy. I'm willing to indicate that it was bad judgment and that possibly plaintiff's counsel isn't quite as knowledgeable, experienced and well versed as he has told us he is.
>
> Nevertheless, I have to understand that those four counts and others I haven't remarked on for the moment that didn't ever get to the jury cost the defendant money, and this in the final analysis is an issue about money. So if I were to award $39,200 plus the 5,447.14 in costs I would not acknowledge realistically the damage that the plaintiff or plaintiff's counsel did and the manner which they pursued this very simple case to too extreme a measure.

The court then proceeded to reduce the attorney's fee award to $21,200.00, but did not receive any evidence on the costs appellee incurred in defending the four claims at issue. Appellant and appellee both noted appeals, and raise the following questions for our review:

I. Did the trial court err in awarding appellant $39,-200.00 in counsel fees, pursuant to Maryland Code Annotated, Commercial Law, § 13-408(b)?

II. Did the court commit error in imposing sanctions on appellant under Md. Rule 1–341?

III. Did the court err in admitting several of appellee's flyers into evidence, when they did not advertise the May 21, 1994 event at which appellant purchased the automobile?

We find no error with respect to the first and third issues, but shall reverse and remand as to the second.

We first address the issue of whether the trial court erred in awarding appellant $39,200.00 in attorney's fees as a consequence of prevailing on the unfair and deceptive trade practices count. Specifically, appellee contends that the award of counsel fees was not reasonable because the record fails to indicate that the court apportioned its award to the time appellant expended in pursuing the successful CPA claim.

 Maryland Code (1990), Commercial Law § 13–408(b) authorizes a court to award attorney's fees based on a successful CPA action.

(b) *Attorney's fees.*—Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.

Section 13–408(b) does not require litigants to include a request for attorney's fees in their complaints; rather, attorney's fees are considered a collateral matter that may be sought after judgment on the underlying claim. *Mercedes–Benz of N. Am., Inc. v. Garten,* 94 Md.App. 547, 568, 618 A.2d 233 (1993).

 Contrary to appellee's position, the record in the present dispute demonstrates that the court did not base its award of counsel fees on any of the unsuccessful claims. During the hearing on appellant's Motion for Award of Attorney's Fees, the court made the following finding:

The number of hours therefore that I find was reasonably necessary to bring the case that actually existed, not the case that was filed in the 70 odd pages of complaint, but the

real case that existed, the amount of time, labor and expenses reasonably required was 279.6 hours, and I just rounded that out to 280 hours.

A reasonable interpretation of these remarks suggests that the court did in fact apportion its award of counsel fees only to those costs and expenses that appellant incurred in litigating the successful CPA action. We further note that the court arrived at its award of $39,200.00 by specifically finding that appellant's attorney spent 280 hours on the CPA action, at a rate of $140.00 per hour. These figures are far removed from the 511 hours at a rate of $175.00 per hour that appellant's counsel had sought and that would have resulted in an award of $89,425.00. The court's award of $39,200.00 in counsel fees was proper and reasonable.

We now address the issue of whether the court erred in subsequently reducing appellant's award of attorney's fees by imposing sanctions, pursuant to Md. Rule 1–341. Appellant argues that the court imposed sanctions without making any specific findings of bad faith and a lack of substantial justification and, therefore, according to appellant, the award of counsel fees was clearly erroneous.

Maryland Rule 1–341 authorizes a court to impose sanctions on parties who pursue frivolous litigation.

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

In *Inlet Associates v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 596 A.2d 1049 (1991), the Court of Appeals enunciated the appropriate procedure for imposing sanctions, pursuant to Rule 1–341.

> [B]efore imposing sanctions in the form of costs and/or attorney's fees under Rule 1–341, the judge must make two

separate findings that are subject to scrutiny under two related standards of appellate review. First, the judge must find that the proceeding was maintained or defended in bad faith and/or without substantial justification. This finding will be affirmed unless it is clearly erroneous or involves an erroneous application of law. Second, the judge must find that the bad faith and/or lack of substantial justification merits the assessment of costs and/or attorney's fees. This finding will be affirmed unless it was an abuse of discretion.

*Inlet Associates,* 324 Md. at 267–68, 596 A.2d 1049.

Under *Inlet Associates,* therefore, courts must follow a two-step process when imposing Rule 1–341 sanctions. First, the court must make specific findings on whether a party or attorney pursued an action in bad faith or without substantial justification. *Id.* This inquiry is subject to a clearly erroneous standard of review. *Id.* Once a court finds that a party has pursued a claim in bad faith or without substantial justification, the court must then additionally determine whether the wrongdoing actually warrants the imposition of sanctions. *Id.* We review this latter inquiry under an abuse of discretion standard. *Id.*

An award of counsel fees pursuant to Rule 1–341 is an "extraordinary remedy," which should be exercised only in rare and exceptional cases. *Black v. Fox Hills N. Community Ass'n, Inc.,* 90 Md.App. 75, 83, 599 A.2d 1228 (1992). Unlike Rule 11 of the Federal Rules of Civil Procedure, Rule 1–341 is not punitive in nature. *U.S. Health, Inc. v. State,* 87 Md.App. 116, 130–31, 589 A.2d 485 (1991). Rather, it "provides for recovery of expenses incurred in opposing the unjustified or bad faith maintenance or defense of a proceeding." *U.S. Health,* 87 Md.App. at 131–32, 589 A.2d 485. In the context of Rule 1–341, bad faith exists when a party litigates with the purpose of intentional harassment or unreasonable delay. *Seney v. Seney,* 97 Md.App. 544, 554, 631 A.2d 139 (1993). For there to be substantial justification, the litigant's position must be fairly debatable and within the realm of

legitimate advocacy. *Inlet Associates,* 324 Md. at 268, 596 A.2d 1049.

Turning our attention to the facts of the instant appeal, the record indicates that the court did provide some general and informal commentary on the alleged misconduct by appellant's counsel. Nevertheless, under the settled law of this State, a court may not impose sanctions under Rule 1–341 without rendering **specific findings of fact** on the record as to a party's bad faith or lack of substantial justification in pursuing a cause of action. *Inlet Associates,* 324 Md. at 269, 596 A.2d 1049; *Major v. First Virginia Bank—Central Maryland,* 97 Md.App. 520, 530, 631 A.2d 127 (1993); *Johnson v. Baker,* 84 Md.App. 521, 528, 581 A.2d 48 (1990). Indeed, "[w]ithout such a finding, it is impossible for an appellate court to review the circuit court's decision." *Fowler v. Printers II, Inc.,* 89 Md.App. 448, 487, 598 A.2d 794 (1991). Here, the record is devoid of the requisite findings of fact about bad faith and a lack of substantial justification and, accordingly, we hold that the court's award of attorney's fees was clearly erroneous.

Assuming, *arguendo,* that the court specifically found that appellant pursued the four claims at issue in bad faith or without substantial justification, the inquiry does not end there, for the court must then proceed to determine whether the wrongdoing merits the imposition of sanctions. From a practical perspective, sanctions will almost always take the form of reimbursement of attorney's fees for defense of the offending claims, and, under Rule 1–341, an award of attorney's fees must be reasonable. Hence, a court must denote with particularity how its award corresponds with a party's misconduct in bringing or maintaining an action in bad faith or without substantial justification. Moreover, in cases involving multiple causes of action, such as the instant appeal, a court must make specific findings of fact as to which part of the litigant's attorney's fees and expenses are attributable to the maintenance of the meritless claims. *Beery v. Maryland Med. Lab., Inc.,* 89 Md.App. 81, 101, 597 A.2d 516 (1991).

In *Beery,* Mary DePaolo filed suit against her employer, Maryland Medical Laboratory, Inc., alleging: I- slander, II- wrongful discharge, III- intentional infliction of emotional distress, and IV- negligent infliction of emotional distress. After the court dismissed counts II, III, and IV, Maryland Medical filed a motion for sanctions, alleging that DePaolo and her attorney, Joanne Beery, had pursued counts II, III, and IV without substantial justification. The court granted the motion and imposed sanctions in the amount of $10,000.00. Both parties appealed and, in an unreported opinion, this Court remanded and directed the trial court to articulate the findings upon which it based the award of counsel fees. *DePaolo v. Maryland Med. Lab., Inc.,* No. 431, Sept. Term, 1989, 80 Md.App. 738, 747 (filed November 17, 1989). On remand, the trial court set forth specific findings to justify the award of counsel fees, but failed to elaborate on how it calculated the award. Beery appealed, and this Court remanded once again for a determination on which portion of Maryland Medical's counsel fees were specifically attributable to Beery's pursuit of the three unjustified claims.

In the present dispute, the trial court imposed sanctions on appellant in the amount $23,447.14. In so doing, the court simply remarked that opposing the unjustified counts "cost [appellee] money, and this in the final analysis is an issue about money." This finding, however, is, to put it gently, insufficient for purposes of a Rule 1–341 inquiry. The court did not indicate how its award of attorney's fees related to the alleged misconduct by appellant's counsel. Additionally, the court failed to elucidate which of appellee's legal costs and expenses were attributable to the defense of the four unjustified claims. We, therefore, remand this case to the circuit court for further fact-finding on its calculation of the award of counsel fees.

In so doing, the court should be mindful of the fact that Rule 1–341 is not punitive in nature; rather, its intent is simply to compensate a party for expenses incurred in opposing another party's unjustified or bad faith maintenance of a proceeding. *U.S. Health,* 87 Md.App. at 130–31, 589 A.2d 485.

As such, it is incumbent upon a court to not only make specific findings on bad faith and lack of substantial justification, but additionally to demonstrate precisely how its award corresponds with a party's misconduct. We, as an appellate court, cannot review a Rule 1–341 proceeding without factual determinations on the record that specifically associate a party's bad faith or unjustified pursuit of the litigation with the expenses and costs the opposing party incurred in defending against that litigation.

Finally, we address the issue of whether the court erred in admitting several of appellee's flyers into evidence. In particular, appellee maintains that none of the admitted flyers advertised the May 21, 1994 event at which appellant purchased the vehicle and, consequently, they were not relevant.

A trial court's decision to admit or exclude evidence will not be set aside unless there is an abuse of discretion. *CSX Transp., Inc. v. Continental Ins. Co.,* 343 Md. 216, 252, 680 A.2d 1082 (1996). An abuse of discretion exists when the court makes a decision that is extremely unreasonable. *Merling v. Merling,* 98 Md.App. 243, 250, 633 A.2d 403 (1993), *rev'd on other grounds,* 336 Md. 365, 648 A.2d 688 (1994).

In the present case, the flyers that the court admitted into evidence did not advertise the May 21, 1994 event at which appellant purchased the Toyota Corolla; rather, the flyers advertised a similar event that was held on March 28, 1994. The record, however, demonstrates that the key terms and representations contained in the March advertisements were essentially identical to those enumerated in the May flyers. Appellant testified that the flyer advertising the May 21, 1994 event stated that she had been pre-approved for up to $18,000.00 of credit towards the purchase of a new or used vehicle. The advertisements that the court admitted into evidence consisted of the same terms and figures and represented a course of dealing by appellee. As such, it was well within the court's discretion to admit the flyers into evidence.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID ONE–THIRD BY APPELLANT AND TWO–THIRDS BY APPELLEE.